# EXHIBIT 52

March 27, 2025

**Re: Letter Agreement re: Assignment of Undertakings**

To whom it may concern:

This letter agreement (this "Agreement") is to confirm in writing an agreement made by Charitable DAF HoldCo, Ltd., a Cayman Islands limited company ("Holdco") and CDMCFAD, LLC, a Delaware limited liability company ("DAF"). Each party hereto may be referred to generically as a "Party" or collectively as the "Parties" in this Agreement.

WHEREAS, DAF completed a restructuring on March 27, 2025, that (i) issued new membership interests in DAF to DFW Charitable Foundation, a Delaware 501(c)(3) non-profit organization and (ii) redeemed the membership interests in DAF owned by Holdco (collectively, the "Issuance and Redemption Transaction");

WHEREAS, Mark Patrick and Paul Murphy, the Directors of Holdco intend to wind up the affairs of Holdco and engage liquidators to complete that process; and

WHEREAS, in connection with the Issuance and Redemption Transaction, Holdco and DAF have mutually agreed to assign all of the contracts and agreements listed on Schedule A hereto (collectively, the "Assigned Contracts") from Holdco to DAF.

NOW, THEREFORE, as material inducement to each Party entering this Agreement, and in consideration of the mutual representations and covenants contained herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. <u>Assignment of Undertakings</u>. Subject to the terms hereof, Holdco hereby assigns the Assigned Contracts to DAF with effect on and from the date first written above in consideration for the assumption of liabilities set forth herein (the "Assignment of Undertakings").

2. <u>Assumption of Liabilities</u>. In connection with the Assignment of Undertakings, DAF has agreed to assume all responsibilities and risks in any manner connected with the Assigned Contracts, whether now existing or hereafter arising.

3. <u>Further Assurances</u>. Until such time as Holdco completes its liquidation, Holdco agrees to cooperate (at DAF's sole expense) with DAF to take any further actions requested by DAF in connection with this Assignment of Undertakings, including executing assignment or similar agreements necessary to cause DAF to enter into the Assigned Contracts and obtain consent from counterparties. Notwithstanding anything to the contrary set forth herein, DAF shall not be responsible for funding any litigation of adverse actions relating to Holdco arising after the date hereof.

4. <u>Representations and Warranties</u>. By its execution and delivery hereof, each of the Parties represents and warrants to the other Party that, as of the date hereof and after giving effect to this Agreement:

   (a) (i) such Party has all requisite power and authority to execute and deliver this Agreement, (ii) this Agreement has been duly executed and delivered by each Party to the other, and (iii) this Agreement constitutes the legal, valid, and binding obligations of such Party, enforceable in accordance with its respective terms;

527

(b) neither the execution, delivery, and performance of this Agreement, nor the consummation of any transactions contemplated herein or therein, will (i) contravene the terms of the trust agreement, limited liability company agreement, or other governing documents as applicable to such Party hereto; (ii) conflict with or result in any breach or contravention of, or the creation of (or the requirement to create) any lien under, or require any payment to be made under (a) any contractual obligation to which such Party is bound or affecting such Party or its respective properties or (b) any order, injunction, writ or decree of any governmental authority or any arbitral award to which such Party or such Party's property is subject; or (iii) violate any applicable law; and

(c) no approval, consent, exemption, authorization, or other action by, notice to, or filing with, any governmental authority or other person not previously obtained is necessary or required in connection with the execution, delivery, or performance by, or enforcement against, such Party to this Agreement.

5.    Assignment. Neither Party may assign this Agreement without the other Party's prior written consent.

6.    Governing Law; Venue. The Parties (a) hereby irrevocably and unconditionally submit to the jurisdiction of the state courts of Texas and to the jurisdiction of the federal courts with jurisdiction covering Dallas, Texas, for the purpose of any suit, action or other proceeding arising out of or based upon this Agreement, (b) agree not to commence any suit, action or other proceeding arising out of or based upon this Agreement except in the state courts of Texas or the federal courts with jurisdiction covering Dallas, Texas, and (c) hereby waive, and agree not to assert, by way of motion, as a defense, or otherwise, in any such suit, action or proceeding, any claim that it is not subject personally to the jurisdiction of the above-named courts, that its property is exempt or immune from attachment or execution, that the suit, action or proceeding is brought in an inconvenient forum, that the venue of the suit, action or proceeding is improper or that this Agreement or the subject matter hereof may not be enforced in or by such court.

7.    Further Assurances. Each Party agrees to execute, acknowledge, and deliver such further instruments and to do all such other acts as may be reasonably necessary or appropriate in order to carry out the purposes and intent of this Letter.

8.    Notices. All notices or requests required or permitted to be given hereunder shall be in writing and shall be deemed to have been duly given when hand delivered or sent by certified mail, return receipt requested, or by reputable overnight courier, in each case with receipt verified in writing, addressed in accordance with the respective Parties' signature on the signature pages hereto.

9.    Signature; Counterparts. This Agreement may be executed electronically, or in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same agreement.

10.    Enforceability. If one or more provisions of this Agreement is found by a court of competent jurisdiction to be illegal, invalid, or unenforceable in whole or in part, the remaining terms and provisions of this Agreement shall remain in full force and effect disregarding such illegal, invalid, or unenforceable portion and such court shall be empowered to modify, if possible, such illegal, invalid, or unenforceable provision to the extent necessary to make it enforceable in accordance with the intent and purposes of the Parties expressed herein to the fullest extent permitted by applicable law.

11.    WAIVER OF JURY TRIAL. EACH PARTY HEREBY WAIVES ITS RIGHTS TO A JURY TRIAL OF ANY CLAIM OR CAUSE OF ACTION BASED UPON OR ARISING OUT OF

THIS AGREEMENT OR THE SUBJECT MATTER HEREOF. THE SCOPE OF THIS WAIVER IS INTENDED TO BE ALL-ENCOMPASSING OF ANY AND ALL DISPUTES THAT MAY BE FILED IN ANY COURT AND THAT RELATE TO THE SUBJECT MATTER OF THIS AGREEMENT, INCLUDING, WITHOUT LIMITATION, CONTRACT CLAIMS, TORT CLAIMS (INCLUDING NEGLIGENCE), BREACH OF DUTY CLAIMS, AND ALL OTHER COMMON LAW AND STATUTORY CLAIMS. THIS SECTION HAS BEEN FULLY DISCUSSED BY EACH OF THE PARTIES HERETO AND THESE PROVISIONS WILL NOT BE SUBJECT TO ANY EXCEPTIONS. EACH PARTY HERETO HEREBY FURTHER WARRANTS AND REPRESENTS THAT SUCH PARTY HAS REVIEWED THIS WAIVER WITH ITS LEGAL COUNSEL, AND THAT SUCH PARTY KNOWINGLY AND VOLUNTARILY WAIVES ITS JURY TRIAL RIGHTS FOLLOWING CONSULTATION WITH LEGAL COUNSEL.

12.     Merger; Amendment. This Agreement (i) is the only agreement between the Parties concerning the subject matter hereof and supersedes, terminates and cancels any prior statements, representations or agreements between the Parties concerning the subject matter hereof, (ii) is being executed by the Parties without reliance upon any representation, warranty, or other statement of any kind whatsoever, whether oral or written, which is not expressly set forth herein, and (iii) may not be changed orally, but only in a writing signed by duly authorized representatives of each of the Parties.

[*Remainder of Page Intentionally Blank*]

The undersigned have executed this Agreement as of the date first written above.

**Agreed and Accepted:**

**Charitable DAF HoldCo, Ltd.,**
a Cayman Islands limited company

By: _/s/ Mark Patrick_
Name: Mark Patrick
Title: Director

By: _/s/ Paul Murphy_
Name: Paul Murphy
Title: Director

Address for Notices:
Email: mpatrick@dafholdco.com
Email: pmurphy@dafholdco.com


**CDMCFAD, LLC**,
a Delaware limited liability company

By: _/s/ Mark Patrick_
Name: Mark Patrick
Title: Manager

Address for Notices:
Email: mpatrick@dafholdco.com

Signature Page | Letter Agreement re: Assignment of Undertakings

## Schedule A

### Assigned Contracts and Agreements

1. Engagement Letter between Stone Hilton PLLC and Charitable DAF HoldCo, Ltd. dated February 27, 2025
2. Engagement Letter between Shields Legal Group, P.C. and Charitable DAF HoldCo, Ltd. (among others) dated September 27, 2023
3. Terms of Engagement by Walkers (Cayman) LLP to Charitable DAF HoldCo, Ltd.
4. Firestarter Proposal between Firestarter and Charitable DAF HoldCo, Ltd. dated January 15, 2025
5. Various ValueScope agreements, which we do not have
6. Engagement Letter between Seyfarth Shaw LLP and Charitable DAF HoldCo, Ltd. dated October 23, 2023
7. Engagement Letter between Deloitte Tax LLP and Charitable DAF HoldCo, Ltd. dated January 17, 2023
    a. Engagement Letter between Deloitte Tax LLP and Charitable DAF HoldCo, Ltd. dated February 7, 2022
8. Acknowledgment and Ratification Agreement among Grant James Scott, Charitable DAF HoldCo, Ltd., Charitable DAF GP, LLC, and Charitable DAF Fund, LP dated July 1, 2024
9. Engagement Letter among Charitable DAF HoldCo, Ltd. (and other DAF entities) and Carrington Coleman dated March 22, 2024
10. Engagement Letter among Charitable DAF HoldCo, Ltd., Charitable DAF GP, LLC, and Hueston Hennigan LLP dated January 26, 2024
11. In DAF's sole discretion, any other contract which they deem necessary to achieve a voluntary and solvent liquidation of Holdco

Schedule A | Letter Agreement re: Assignment of Undertakings