# EXHIBIT 57

**CHARITABLE DAF HOLDCO, LTD.**
**(THE "COMPANY")**

**WRITTEN RESOLUTIONS OF THE**
**DIRECTORS OF THE COMPANY**

**MADE ON 13th September 2024**

The undersigned, being all of the Directors of the Company, hereby resolve, pursuant to the Articles of Association of the Company, the following directors' resolutions.

1. **REVIEW AND APPROVAL OF COMPENSATION FOR MARK PATRICK.**

1.1 **NOTED THAT:**

   (a) Since 24 March 2021, Mr. Mark Patrick has been appointed as President, Chief Investment Officer and General Counsel of the Company, and appointed as President and Chief Investment Officer for seven subsidiaries/affiliated entities.

   (b) In or about March 2024, the Company, including Charitable DAF Fund LP, engaged Mercer LLP to conduct an independent compensation review of Mr. Mark Patrick's duties as President, Chief Investment Officer and General Counsel of the Company, and as President and Chief Investment Officer for seven subsidiaries/affiliated entities.

   (c) Mercer LLP prepared an independent report dated 26 August 2024 ("Mercer Report") which contains a summary of Mr. Patrick's roles and responsibilities and their methodology for calculating market comparables. At page 5 of that report, Mercer recommended that Mr Patrick's compensation be structured as follows:

       a. Base salary: USD $850,000 or USD $750,000 if general partner liability insurance can be acquired to mitigate Mr Patrick's personal risk exposure.

       b. Long-term incentive ("LTI") tied to DAF LP returns: 7.5% of annualized net fund returns in excess of 10% (capped at 25% annualized return).

   (d) The Mercer report raised two issue for the Company to consider::

       a. Whether performance for the LTI compensation be calculated based on 2021 performance or start for the 2022 cycle; and

       b. Whether the LTI calculation should be calculated net of all Company expenses or new of fund expenses only.

   (e) On 12th September 2024, Mr. Paul Murphy, a co-director of the Company, spoke to Heidi O'Brien, a Partner at Mercer, to discuss the issues identified in 1, 1.1 (d) a. and b. Following this conversation and based on the fact that (i) Ms. O'Brien confirmed that it was not uncommon for similar companies to award employees for the complete fiscal year when starting part way through the year, and (ii) Mr. Patrick was appointed in March 2021, the Directors have concluded that Mr. Patrick's LTI compensation should be calculated on the basis of the 2021 cycle.

   (f) In addition, the Directors have concluded that the Company should assess the legal expenses

338

(g) Based on the knowledge of the Directors of Mr. Patrick's roles and responsibilities, the Mercer LLP report and fact that Mr. Patrick is considered a key employee, the Directors have concluded that Mr. Patrick's compensation should be set in accordance with the recommendation in the Mercer report with the additional caveat that Mercer identified that CEOs and CIOs are often compensated on the basis of a base salary, annual incentive and LTI and an annual incentive is not included in the Mercer report. The Directors have concluded that it is in the Company's interest to determine whether an annual incentive should also be included as part of Mr. Patrick's compensation and, if so, how this is to be assessed.

(h) Mr. Patrick has declared his interests to the Company in relation to the matters the subject of this resolution, being that Mr Patrick is Director of the Company, and also employed by the Company as President, Chief Investment Officer, and General Counsel of the Company.

1.2  **IT IS RESOLVED** by unanimous written resolution that:

(a) Mr. Patrick's compensation be fixed, in accordance with recommendation of the Mercer LLP report, as follows:

   a. Base salary: USD $850,000, provided that, 100% of the base salary for calendar year 2024 may be paid on or about the date of these resolutions.

   b. Long-term incentive tied to DAF LP returns: 7.5% of annualized net fund returns in excess of 10% (capped at 25% annualized return), less any amounts previously advanced to Mr. Patrick.

(b) The Directors will assess:

   a. Whether any adjustment should be made to the LTI calculation based on whether the calculation should be made net of all expenses or net of fund expenses; and

   b. Whether Mr. Patrick should receive an annual bonus and the basis of that annual bonus.

Executed by the Directors comprising the entire Board of Directors of the Company:

**BY**  _____
Paul Murphy - Director
CHARITABLE DAF HOLDCO, LTD.

**BY**  _____
Mark Patrick - Director
CHARITABLE DAF HOLDCO, LTD.