# EXHIBIT 61

# Rachel Baxendale

| | |
|---|---|
| **From:** | Paul Murphy <paul@gkmanagement.com.ky> |
| **Sent:** | 26 November 2024 6:32 PM |
| **To:** | Mark Patrick; Geoffrey Sykes |
| **Cc:** | Brandon R. Schaller; dmancino@seyfarth.com; Shawn Raver; Bart Higgins; Lauren Vernon; Philip Aubry; Barnaby Gowrie |
| **Subject:** | RE: DAF - Participating Shares Summary [WALKERS-AMER_DOCS.FID2294181] |

**[this message is from an external sender]**

Thanks for this Geoffry,

Mark, I'll let Walkers come back but here are my thoughts:

1. Issuance of new participation shares, where the existing foundations represent a smaller % of the issued and outstanding shares, would weaken any petition based on just and equitable grounds but we must be careful that they don't point to this as ground to wind up i.e. the existing foundations say we're artificially trying to weaken their position by diluting them therefore the company should be wound up or an order made for change of management/revocation of the share issuances. It's a very difficult situation to get right without gifting them a potential ground to claim just and equitable grounds.

2. Management shareholders have a right to object to the winding up but they have no special status by virtue of being management shares. I'll have to double check the docs but this would be different if there were something in the articles of association/share issuance agreement where there was an explicit provision where they had agreed not to present a winding up petition. The just and equitable ground is specifically designed to prevent unfair prejudice to a shareholder.

3. I think our main point is to stress that if they take any action they significantly undermine Donderro's position in the bankruptcy and UBS action because he will be seen as the alter ego of DAF as they've always claimed. Additionally, taking steps to preserve independence improves the DAFs standing in those proceedings. This isn't related to the advice but something for the call next week.

Paul.

**From:** Mark Patrick <mpatrick@dafholdco.com>
**Sent:** Tuesday, November 26, 2024 5:43 PM
**To:** Geoffrey Sykes <Geoffrey.Sykes@walkersglobal.com>
**Cc:** Brandon R. Schaller <bschaller@shieldslegal.com>; dmancino@seyfarth.com; Paul Murphy <paul@gkmanagement.com.ky>; Shawn Raver <sraver@dafholdco.com>; Bart Higgins <bhiggins@shieldslegal.com>; Lauren Vernon <Lauren.Vernon@walkersglobal.com>; Philip Aubry <Philip.Aubry@walkersglobal.com>; Barnaby Gowrie <Barnaby.Gowrie@walkersglobal.com>
**Subject:** Re: DAF - Participating Shares Summary [WALKERS-AMER_DOCS.FID2294181]

Another consideration, is that Holdco has management shares. Does the equitable theory take into account the rights of the owner of the management shares when the non-control shares want equitable relief. If the management shareholders, disagrees, are those powers and right abdicated in a equitable wind down proceedong? Seems the Management Shareholder has a right to express its rights as to whether the company should be wound down or not.

On Tue, Nov 26, 2024, 4:26 PM Mark Patrick <mpatrick@dafholdco.com> wrote:

> Charitable DAF Holdco holds only one asset - LP interest in charitable daf fund LP.  As a limited partner, Holdco cannot force the partnership to wind its affairs?

On Tue, Nov 26, 2024, 4:11 PM Mark Patrick <mpatrick@dafholdco.com> wrote:

> If new participating shares are issued to a new non-profit, and say per Paul's point they try to implement an "equitable" winding down of the company, but the new shareholders objects, would that help? Also, what could possibly be the basis for any "equitable" liquidation if the Articles don't give such rights.
>
> On Tue, Nov 26, 2024, 3:34 PM Geoffrey Sykes <Geoffrey.Sykes@walkersglobal.com> wrote:
>
>> Hi Brandon
>>
>> Thanks for your time on the phone last week and the below.
>>
>> As discussed, please see attached in draft the high priority memo as updated with a new Section E in respect of winding up petitions on the just and equitable ground.
>>
>> We look forward to speaking with you tomorrow morning.
>>
>> Best regards,
>>
>> **Geoffrey Sykes**
>> Associate
>> **Walkers (Cayman) LLP**
>>
>> T +1 345 814 6834  |  M +1 345 814 6834
>> www.walkersglobal.com
>>
>> Bermuda | British Virgin Islands | Cayman Islands | Dubai | Guernsey | Hong Kong | Ireland | Jersey | London | Singapore
>>
>> **From:** Brandon R. Schaller <bschaller@shieldslegal.com>
>> **Sent:** Friday, November 22, 2024 1:36 PM
>> **To:** dmancino@seyfarth.com; Philip Aubry <Philip.Aubry@walkersglobal.com>; Geoffrey Sykes <Geoffrey.Sykes@walkersglobal.com>; Barnaby Gowrie <Barnaby.Gowrie@walkersglobal.com>
>> **Cc:** Paul Murphy <paul@gkmanagement.com.ky>; mpatrick@dafholdco.com; sraver@dafholdco.com; Bart Higgins <bhiggins@shieldslegal.com>
>> **Subject:** DAF - Participating Shares Summary

[this message is from an external sender]

Doug and Walkers team,

As discussed, here are our notes from a review of the provisions applicable to Participating Shares in the Articles for Charitable DAF HoldCo, Ltd. As you know, we are not licensed in the Cayman Islands, so we would appreciate Walkers' help to confirm/expand our views.

**Rights of Participating Shares*:**

Rights

1. Participate (receive) discretionary dividends. See "Participating Share" and Articles generally.
2. If new shares/classes are issued, and the change would materially adversely vary the Participating Shares, then 2/3rds Participating Shareholder consent is required. See #13.
    a. Issuance of authorized but unissued Participating Shares (i.e., dilution of existing shareholders) makes this consent right contingent on outstanding shares. See #14 and #7.
3. Rights to assets in a winding up in accordance with the waterfall. See #122-124.
4. Certain foundations own 100 Participating Shares out of a total of authorized 4,999,900 Participating Shares. See #7.

No rights

1. Cannot vote shares. See #12.
2. Cannot redeem shares. See "Participating Shares."
3. No rights to information. See #12.
4. No rights to attend meetings. See #12.
5. No rights to notice of meetings. See #12.
6. No rights to pro rata distributions based on % of Participating Shares. See #105.
7. No rights to appoint or remove directors or officers. See Articles generally and #65.
8. No rights to receive notice of issuance of additional shares. See Articles generally.
9. No rights to receive notice of distributions to other Participating Shareholders. See Articles generally.
10. No pre-emptive rights. See Articles generally.

3

Restrictions

1. If a Participating Shareholder is (i) in breach of any law, (ii) is not a non-profit, or (iii) the directors are of the opinion such Shareholder might result in the Company incurring additional liability, including for legal reasons, the directors may require such Shareholder to transfer its shares. See #21. *Walkers to review.*
2. May be diluted by the directors issuing additional Participating Shares. See #8.
    a. Including additional pari passu shares. See #14.
    b. Dilution may, ultimately, affect the ability of the existing Participating Shareholders to consent to changes to the rights attached to the Participating Shares. See #14, #7, and Articles generally.

*Suggest the foundations confirm that they have the latest version of the Articles (attached). We suspect they do not.

Best regards,

Brandon

**Brandon R. Schaller**

**ATTORNEY**

16400 Dallas Parkway, Suite 300

Dallas, TX 75248

**Phone** | 469.726.3055

**Email** | bschaller@shieldslegal.com

**Bio** | **LinkedIn** | **vCard**

**SHIELDSLEGAL.COM**

This e-mail message is confidential and is being sent by or on behalf of Shields Legal Group, P.C. The information contained in this e-mail may be protected from disclosure by one or more privileges, including without limitation, the attorney-client communication privilege. If you are not the intended recipient, please notify the sender immediately at 469.726.3055 and/or by reply e-mail, and immediately destroy this message.  You should not copy it or disclose its contents to any other person.  Please note that internet communications are not secure; are subject to possible data corruption, either accidentally or on purpose; and may contain viruses.  This e-mail message does not contain or constitute legal advice and/or federal tax advice.  The contents of this e-mail message are not intended to be used and cannot be used to avoid penalties under the Internal Revenue Code, or to promote, market, or recommend to any person any transaction or matter addressed herein.

All services are supplied on the basis of the firm's standard Terms of Engagement which can be found here. We take the protection of personal data very seriously. Full details of how we will process your personal data can be found in our Privacy Statement.

WALKERS' DISCLAIMER: The information in this email may be confidential, legally privileged and exempt from disclosure under applicable laws. If you are not the intended recipient, you must not read, use or disseminate the information in any way. If you receive this email in error, please inform us immediately and then delete it from your system. Due to the nature of email communication, Walkers and its affiliated entities accept no responsibility for any viruses or for the reliability, security, inaccuracy, incompleteness, interception, corruption, loss or delay of information exchanged.