# EXHIBIT 62

# Rachel Baxendale

| | |
|---|---|
| **From:** | Barnaby Gowrie |
| **Sent:** | 27 November 2024 9:09 AM |
| **To:** | Mark Patrick; Paul Murphy |
| **Cc:** | Geoffrey Sykes; Brandon R. Schaller; dmancino@seyfarth.com; Shawn Raver; Bart Higgins; Lauren Vernon; Philip Aubry |
| **Subject:** | RE: DAF - Participating Shares Summary [WALKERS-AMER_DOCS.FID2294181] |
| **Attachments:** | Aquapoint L.P. v Xiaohu Fan (CICA (Civil) Appeal No. 14 of 2022).pdf; In the matter of Sigma Finance Corporation (Cause No. FSD 171 of 2024 (DDJ) 19 July 2024).pdf |

Hi Mark, Paul

Thanks for your emails. Our answers to Mark's questions are as follows, and we generally agree with Paul's comments in respect of them:

1. *If new participating shares are issued to a new non-profit, and say per Paul's point they try to implement an "equitable" winding down of the company, but the new shareholders objects, would that help?*
    a. Yes, if other shareholders are opposed to an equitable winding up that will be taken into consideration and would likely help. However, it may not be determinative – the question will still be whether, in all of the circumstances, it is just and equitable for the company to be wound up.

2. *Also, what could possibly be the basis for any "equitable" liquidation if the Articles don't give such rights.*
    a. The right to seek a winding up order on the just and equitable ground is provided by legislation (see the Companies Act (2023 Revision) sections 92(e)) and 95(3)).

3. *Charitable DAF Holdco holds only one asset - LP interest in charitable daf fund LP. As a limited partner, Holdco cannot force the partnership to wind its affairs?*
    a. As a limited partner of Charitable DAF Fund LP, Charitable DAF HoldCo Ltd does have standing to present a petition seeking the winding up of Charitable DAF Fund LP, including on the just and equitable basis.

4. *Another consideration, is that Holdco has management shares. Does the equitable theory take into account the rights of the owner of the management shares when the non-control shares want equitable relief. If the management shareholders, disagrees, are those powers and right abdicated in a equitable wind down proceeding? Seems the Management Shareholder has a right to express its rights as to whether the company should be wound down or not.*
    a. As above, on the hearing of a winding up petition on the just and equitable ground, the question will be whether, in all of the circumstances, it is just and equitable for the company to be wound up. The rights and views of the holder of the management shares will be relevant to that consideration, but may not be determinative. If a winding up order is made and a liquidator appointed, the rights of the holder of the management shares will be varied in line with relevant legislation and the articles. Noting the meeting tomorrow morning we have not explored this in detail but please let us know if you would like further advice in that regard.

5. *Please provide a couple Cayman Cases where Equitable wind up occurred for my review based on mismanagement, etc. I'd like some context if this procedure is extra ordinary / rare or an action that does occur leading to Cayman Case Law.*
    a. Winding up orders on the just and equitable ground are not extraordinary or rare in the Cayman Islands. Please see attached two Cayman decisions involving winding up orders on the just and equitable ground (noting that partnerships may be wound up on the just and equitable ground under the same provisions as companies, and that the *Aquapoint* decision is currently on appeal to the Judicial Committee of the Privy Council).

Please let us know if you would like anything further before the meeting tomorrow morning.

Best regards,

Barney

**Barnaby Gowrie**
Partner
**Walkers (Cayman) LLP**

T +1 345 914 6365  |  M +1 345 525 3385
www.walkersglobal.com

Bermuda | British Virgin Islands | Cayman Islands | Dubai | Guernsey | Hong Kong | Ireland | Jersey | London | Singapore

**From:** Mark Patrick <mpatrick@dafholdco.com>
**Sent:** Tuesday, November 26, 2024 6:44 PM
**To:** Paul Murphy <paul@gkmanagement.com.ky>
**Cc:** Geoffrey Sykes <Geoffrey.Sykes@walkersglobal.com>; Brandon R. Schaller <bschaller@shieldslegal.com>; dmancino@seyfarth.com; Shawn Raver <sraver@dafholdco.com>; Bart Higgins <bhiggins@shieldslegal.com>; Lauren Vernon <Lauren.Vernon@walkersglobal.com>; Philip Aubry <Philip.Aubry@walkersglobal.com>; Barnaby Gowrie <Barnaby.Gowrie@walkersglobal.com>
**Subject:** Re: DAF - Participating Shares Summary [WALKERS-AMER_DOCS.FID2294181]

**[this message is from an external sender]**

1. Agreed about the perception.

However, I have been exploring funding a large campus in DFW with a major church building, housing, and conference center, and exhibitions. In addition we been having exploring other large donations in the future on the scale of tens of millions leading to hundreds millions for educational buildings for an existing University in Dallas.

People I have spoken to have suggested I form a non profit now to work these endeavors.

On Tue, Nov 26, 2024, 5:31 PM Paul Murphy <paul@gkmanagement.com.ky> wrote:

> Thanks for this Geoffry,
>
> Mark, I'll let Walkers come back but here are my thoughts:
>
> 1. Issuance of new participation shares, where the existing foundations represent a smaller % of the issued and outstanding shares, would weaken any petition based on just and equitable grounds but we must be careful that they don't point to this as ground to wind up i.e. the existing foundations say we're artificially trying to weaken their position by diluting them therefore the company should be wound up or an order made for change of management/revocation of the share issuances. It's a very difficult situation to get right without gifting them a potential ground to claim just and equitable grounds.
>
> 2. Management shareholders have a right to object to the winding up but they have no special status by virtue of being management shares. I'll have to double check the docs but this would be different if there were something in the articles of association/share issuance agreement where there was an explicit provision where

they had agreed not to present a winding up petition. The just and equitable ground is specifically designed to prevent unfair prejudice to a shareholder.

3. I think our main point is to stress that if they take any action they significantly undermine Donderro's position in the bankruptcy and UBS action because he will be seen as the alter ego of DAF as they've always claimed. Additionally, taking steps to preserve independence improves the DAFs standing in those proceedings. This isn't related to the advice but something for the call next week.

Paul.

---

**From:** Mark Patrick <mpatrick@dafholdco.com>
**Sent:** Tuesday, November 26, 2024 5:43 PM
**To:** Geoffrey Sykes <Geoffrey.Sykes@walkersglobal.com>
**Cc:** Brandon R. Schaller <bschaller@shieldslegal.com>; dmancino@seyfarth.com; Paul Murphy <paul@gkmanagement.com.ky>; Shawn Raver <sraver@dafholdco.com>; Bart Higgins <bhiggins@shieldslegal.com>; Lauren Vernon <Lauren.Vernon@walkersglobal.com>; Philip Aubry <Philip.Aubry@walkersglobal.com>; Barnaby Gowrie <Barnaby.Gowrie@walkersglobal.com>
**Subject:** Re: DAF - Participating Shares Summary [WALKERS-AMER_DOCS.FID2294181]

Another consideration, is that Holdco has management shares. Does the equitable theory take into account the rights of the owner of the management shares when the non-control shares want equitable relief. If the management shareholders, disagrees, are those powers and right abdicated in a equitable wind down proceedong? Seems the Management Shareholder has a right to express its rights as to whether the company should be wound down or not.

On Tue, Nov 26, 2024, 4:26 PM Mark Patrick <mpatrick@dafholdco.com> wrote:

> Charitable DAF Holdco holds only one asset - LP interest in charitable daf fund LP.  As a limited partner, Holdco cannot force the partnership to wind its affairs?

On Tue, Nov 26, 2024, 4:11 PM Mark Patrick <mpatrick@dafholdco.com> wrote:

> If new participating shares are issued to a new non-profit, and say per Paul's point they try to implement an "equitable" winding down of the company, but the new shareholders objects, would that help? Also, what could possibly be the basis for any "equitable" liquidation if the Articles don't give such rights.

On Tue, Nov 26, 2024, 3:34 PM Geoffrey Sykes <Geoffrey.Sykes@walkersglobal.com> wrote:

Hi Brandon

Thanks for your time on the phone last week and the below.

As discussed, please see attached in draft the high priority memo as updated with a new Section E in respect of winding up petitions on the just and equitable ground.

We look forward to speaking with you tomorrow morning.

Best regards,

**Geoffrey Sykes**
Associate
**Walkers (Cayman) LLP**

T +1 345 814 6834  |  M +1 345 814 6834
www.walkersglobal.com

Bermuda | British Virgin Islands | Cayman Islands | Dubai | Guernsey | Hong Kong | Ireland | Jersey | London | Singapore

**From:** Brandon R. Schaller <bschaller@shieldslegal.com>
**Sent:** Friday, November 22, 2024 1:36 PM
**To:** dmancino@seyfarth.com; Philip Aubry <Philip.Aubry@walkersglobal.com>; Geoffrey Sykes <Geoffrey.Sykes@walkersglobal.com>; Barnaby Gowrie <Barnaby.Gowrie@walkersglobal.com>
**Cc:** Paul Murphy <paul@gkmanagement.com.ky>; mpatrick@dafholdco.com; sraver@dafholdco.com; Bart Higgins <bhiggins@shieldslegal.com>
**Subject:** DAF - Participating Shares Summary

[this message is from an external sender]

Doug and Walkers team,

As discussed, here are our notes from a review of the provisions applicable to Participating Shares in the Articles for Charitable DAF HoldCo, Ltd. As you know, we are not licensed in the Cayman Islands, so we would appreciate Walkers' help to confirm/expand our views.

**Rights of Participating Shares*:**

4

**451**

Rights

1. Participate (receive) discretionary dividends. See "Participating Share" and Articles generally.
2. If new shares/classes are issued, and the change would materially adversely vary the Participating Shares, then 2/3rds Participating Shareholder consent is required. See #13.
    a. Issuance of authorized but unissued Participating Shares (i.e., dilution of existing shareholders) makes this consent right contingent on outstanding shares. See #14 and #7.
3. Rights to assets in a winding up in accordance with the waterfall. See #122-124.
4. Certain foundations own 100 Participating Shares out of a total of authorized 4,999,900 Participating Shares. See #7.

No rights

1. Cannot vote shares. See #12.
2. Cannot redeem shares. See "Participating Shares."
3. No rights to information. See #12.
4. No rights to attend meetings. See #12.
5. No rights to notice of meetings. See #12.
6. No rights to pro rata distributions based on % of Participating Shares. See #105.
7. No rights to appoint or remove directors or officers. See Articles generally and #65.
8. No rights to receive notice of issuance of additional shares. See Articles generally.
9. No rights to receive notice of distributions to other Participating Shareholders. See Articles generally.
10. No pre-emptive rights. See Articles generally.

Restrictions

1. If a Participating Shareholder is (i) in breach of any law, (ii) is not a non-profit, or (iii) the directors are of the opinion such Shareholder might result in the Company incurring additional liability, including for legal reasons, the directors may require such Shareholder to transfer its shares. See #21. *Walkers to review*.
2. May be diluted by the directors issuing additional Participating Shares. See #8.
    a. Including additional pari passu shares. See #14.
    b. Dilution may, ultimately, affect the ability of the existing Participating Shareholders to consent to changes to the rights attached to the Participating Shares. See #14, #7, and Articles generally.

*Suggest the foundations confirm that they have the latest version of the Articles (attached). We suspect they do not.

Best regards,

Brandon

**Brandon R. Schaller**

**ATTORNEY**

16400 Dallas Parkway, Suite 300

Dallas, TX 75248

**Phone** | 469.726.3055

**Email** | bschaller@shieldslegal.com

**Bio** | **LinkedIn** | **vCard**

**SHIELDSLEGAL.COM**

This e-mail message is confidential and is being sent by or on behalf of Shields Legal Group, P.C. The information contained in this e-mail may be protected from disclosure by one or more privileges, including without limitation, the attorney-client communication privilege. If you are not the intended recipient, please notify the sender immediately at 469.726.3055 and/or by reply e-mail, and immediately destroy this message.  You should not copy it or disclose its contents to any other person.  Please note that internet communications are not secure; are subject to possible data corruption, either accidentally or on purpose; and may contain viruses.  This e-mail message does not contain or constitute legal advice and/or federal tax advice.  The contents of this e-mail message are not intended to be used and cannot be used to avoid penalties under the Internal Revenue Code, or to promote, market, or recommend to any person any transaction or matter addressed herein.

All services are supplied on the basis of the firm's standard Terms of Engagement which can be found here. We take the protection of personal data very seriously. Full details of how we will process your personal data can be found in our Privacy Statement.

WALKERS' DISCLAIMER: The information in this email may be confidential, legally privileged and exempt from disclosure under applicable laws. If you are not the intended recipient, you must not read, use or disseminate the information in any way. If you receive this email in error, please inform us immediately and then delete it from your system. Due to the nature of email communication, Walkers and its affiliated entities accept no responsibility for any viruses or for the reliability, security, inaccuracy, incompleteness, interception, corruption, loss or delay of information exchanged.