# EXHIBIT 66



**BY EMAIL**

25 April 2025            Our Ref: PP/PA/187150

Johnstone Law
10 Market Street, PO Box 926
Grand Cayman KY1-9006

Dear Mr Johnstone

**CHARITABLE DAF HOLDCO, LTD (IN VOLUNTARY LIQUIDATION) (THE "COMPANY")**

1.  We act as Cayman Islands counsel to the Company.

2.  We refer to the documents served yesterday by your firm on the Company at its registered office, which include a winding up petition ("**Petition**"), an application for the appointment of provisional liquidators ("**PL Application**"), and a cover letter of service ("**Service Letter**").

**The Company is already in Voluntary Liquidation**

3.  Please note the following (all documents enclosed):

    (a) On 29 March 2025, Mitchell Mansfield and William Clarke of Kroll (Cayman) Ltd executed a consent to act as joint voluntary liquidators of the Company ("**JVLs**").

    (b) On 2 April 2025: (i) the directors of the Company executed written resolutions including to recommend to the management shareholder that the Company be wound up voluntarily and the JVLs be appointed; (ii) the management shareholder executed special resolutions that the Company be wound up voluntarily and the JVLs be appointed; and (iii) the directors of the Company executed a declaration of solvency.

    (c) On 14 April 2025, Gazette Issue No. 8/2025 was published, which included notice that on 2 April 2025 the Company was placed into Voluntary Liquidation and the JVLs appointed.

4.  Further, please see enclosed:

    (a) The current Memorandum and Articles of the Company, dated 20 February 2025 ("**M&A**").

**WALKERS**  Page 2

      (b)      The current Register of Members of the Company, dated 25 April 2025.

      (c)      An email chain between your firm and our firm dated 23-24 April 2025.

5.      As outlined above, the Company is in Voluntary Liquidation.

6.      That fact should have been evident from a search of the Gazette prior to service, as per the enclosed notice referred to at paragraph 3(c) above.

7.      Further, the email chain referred to at paragraph 4(c) above is all that we received from your firm by way of pre-action correspondence. We enquired as to the nature of the proceedings to be served, and had we been informed that it was a winding up petition and application for the appointment of provisional liquidators (rather than simply that the proceedings were in the process of being served on the Company's registered office), we would have informed you that the Company was already in Voluntary Liquidation.

8.      There is nothing in the M&A which entitles your clients to receive notice from the Company of its entry into Voluntary Liquidation.

**The appropriate course of action**

9.      As the Company is already in Voluntary Liquidation, the Petition and PL Application are plainly redundant, and we invite your clients to withdraw them without delay.

10.      If the JVLs (or your clients) consider it appropriate that the Voluntary Liquidation be brought under the supervision of the court, any of them may make an application for a supervision order pursuant to the Companies Act section 131. If your clients would like to discuss such an application with the JVLs, including in respect of funding, please let us know.

11.      In the event that the Petition and PL Application are not withdrawn, or at the very least the hearing of the PL Application (which we understand from your firm's Service Letter is listed on Monday 28 April 2025 at 2pm) is not adjourned, this letter must be brought to the attention of the Court, and we will appear on behalf of the Company.

12.      If it becomes appropriate to do so, we will put this letter before the Court including on the question of costs.

Yours faithfully

*Walkers (Cayman) LLP*

**WALKERS (CAYMAN) LLP**

Direct Tel: +1 345 914 6365
Email: Barnaby.Gowrie@walkersglobal.com