# **EXHIBIT 70**



**Seyfarth Shaw LLP**
2029 Century Park East
Suite 3500
Los Angeles, California  90067-3021
T (310) 277-7200
F (310) 201-5219

dmancino@seyfarth.com
T (310) 201-5241

www.seyfarth.com

February 14, 2025

**VIA FAX**

Michael Stockham
Partner
Holland & Knight LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, TX 75201

Re:     Future Correspondence with Directors of Charitable DAF Holdco, Ltd. ("Charitable DAF")

I am writing you because I am disappointed by the increasingly hostile and accusatorial tone of your emails to Paul Murphy and Mark Patrick. After I re-read your Friday January 31st and Friday February 7th emails to Paul, Mark and Julie Diaz, the tone of which was, in my view, "over the top" of reasonableness even for someone who describes himself as having "tendency toward the blunt," I decided it was time to clear the air about several of your allegations and request that all future communications to my client and its representatives from you or your firm and from representatives of your clients such as Julie Diaz be sent through me only.

First, Charitable DAF is not paying Paul or Mark "millions in director fees," as alleged in your January 31st email. The information supplied by SEI is simply incorrect. Also, all compensation decisions are supported by outside expert opinions. Similarly, for 2024 the legal spend did not exceed $10 million and as matters are settled will continue to fall in 2025 and 2026. Furthermore, as was discussed in ValueScope's November 18, 2024 presentation, virtually all non-transactional legal expenses relate to claims brought by, or initiated due to actions of Mr. Dondero's many adversaries.

Second, it is hard to understand the change of heart about ValueScope and the nature and amount of the information it provides to your clients about Charitable DAF investments. It appears that when Grant Scott, Mr. Dondero's close friend, was Charitable DAF's sole director, the degree of detailed information provided in ValueScope's valuation analysis was fine (see, e.g., the valuation analysis dated March 31`, 2020 attached). Now that Mark has left Skyview and is not rubber-stamping investment requests from NextPoint, as was Grant Scott, the tone of communications has become increasingly hostile and the demands for information have only increased, even though, as you yourself acknowledged in one of our early calls, Participating Shareholders of Charitable DAF have no rights to information and what they already get exceeds that to which they are entitled.

Finally, the controlling role and influence that Mr. Dondero and his agents such as Lucy Bannon appear to be exerting over the Supporting Organizations raise significant private benefit concerns that call into question whether one or more of the Supporting Organizations is at risk

Michael Stockham<br>
February 14, 2025<br>
Page 2

of becoming a Restricted Person as that term is defined Article 21 of Charitable DAF's Articles of Association. I know David will be familiar with the seminal Tax Court decision in *American Campaign Academy v. Commissioner,* 92 T.C. 1053 (1989),which involved the denial of section 501(c)(3) exemption because the Internal Revenue Service concluded that the organization was operated for the substantial nonexempt purpose of benefitting private interests. We offer no opinion on that question but raise it as a matter of concern to Charitable DAF.

In closing, Paul is still willing to have a Zoom call with representatives the Supporting Organizations as we agreed to in December 2024. There should be no pre-conditions other than that the call not be recorded and that your clients acknowledge the importance of keeping the contents of the call confidential.

Very truly yours,

SEYFARTH SHAW LLP

*Douglas M. Mancino*

Douglas M. Mancino

cc. David Rosenberg, Paul Murphy and Mark Patrick

DMM:kcl

316209527v.3