# EXHIBIT 82



IN THE GRAND COURT OF THE CAYMAN ISLANDS
FINANCIAL SERVICES DIVISION

CAUSE NO: FSD 201 OF 2025 ( ) (RPJ)

IN THE MATTER OF THE GRAND COURT ACT

BETWEEN:

**CHARITABLE DAF HOLDCO, LTD (IN OFFICIAL LIQUIDATION)**

<u>Plaintiff</u>

AND

(1) **MARK ERIC PATRICK**

(2) **PAUL MURPHY**

(3) **CDMCFAD, LLC**

(4) **DFW CHARITABLE FOUNDATION**

(5) **CDH GP, LTD. AS GENERAL PARTNER FOR AND ON BEHALF OF CHARITABLE DAF FUND, LP, AND IN ITS CAPACITY AS GENERAL PARTNER**

(6) **CLO HOLDCO, LTD.**

<u>Defendants</u>

---

**SUMMONS**

---

THIS SUMMONS was issued by Maples and Calder, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/LRA/858403.01/83663834)

**LET THE PLAINTIFF AND THE DEFENDANTS** attend before the Judge in Chambers at the Law Courts, George Town, Grand Cayman on the 31 day of July 2025 at 9:00 a.m. upon an application by the Plaintiff for Orders in terms of the draft annexed hereto.

DATED this 15th day of July 2025

*Maples and Calder (Cayman) LLP*
_____

**Maples and Calder (Cayman) LLP**

TO:         The Registrar of the Financial Services Division

AND TO:   (1)   Mark Eric Patrick

          (2)   Paul Murphy

          (2)   CDMCFAD, LLC

          (3)   DFW Charitable Foundation

          (4)   CDH GP, Ltd. as general partner for and on behalf of Charitable DAF Fund, LP, and in its capacity as general partner

          (5)   CLO HoldCo, Ltd.

TIME ESTIMATE:  The estimated length of the hearing of this summons is 1 day.

THIS SUMMONS was issued by Maples and Calder, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/LRA/858403.01/83663834)

IN THE GRAND COURT OF THE CAYMAN ISLANDS

FINANCIAL SERVICES DIVISION

CAUSE NO: FSD 201 OF 2025 ( )

IN THE MATTER OF THE GRAND COURT ACT

BETWEEN:

**CHARITABLE DAF HOLDCO, LTD (IN OFFICIAL LIQUIDATION)**

<u>Plaintiff</u>

AND

(1) MARK ERIC PATRICK

(2) PAUL MURPHY

(3) CDMCFAD, LLC

(4) DFW CHARITABLE FOUNDATION

(5) CDH GP, LTD. AS GENERAL PARTNER FOR AND ON BEHALF OF CHARITABLE DAF FUND, LP, AND IN ITS CAPACITY AS GENERAL PARTNER

(6) CLO HOLDCO, LTD.

<u>Defendants</u>

─────────────────────────────────

**[DRAFT] ORDER**

─────────────────────────────────

THIS ORDER was filed by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/LRA/858403-01/83693213

**PENAL NOTICE**

IF YOU THE DEFENDANTS, AND EACH OF YOU, DISOBEY THIS ORDER YOU MAY BE HELD TO BE IN CONTEMPT OF COURT AND LIABLE TO BE FINED OR TO HAVE YOUR ASSETS SEIZED AND (IF A NATURAL PERSON) BE LIABLE TO IMPRISONMENT.

ANY DIRECTOR, OFFICER OR MANAGER OF ANY CORPORATE DEFENDANT MAY BE LIABLE TO BE FINED OR TO HAVE YOUR ASSETS SEIZED AND (IF A NATURAL PERSON) ALSO BE LIABLE TO IMPRISONMENT IN RESPECT OF ANY CONTEMPT OF COURT BY THE CORPORATE DEFENDANT.

ANY OTHER PERSON WHO KNOWS OF THIS ORDER AND DOES ANYTHING WHICH HELPS OR PERMITS THE DEFENDANTS OR ANY OF THEM TO BREACH THE TERMS OF THIS ORDER MAY ALSO BE HELD TO BE IN CONTEMPT OF COURT AND MAY BE IMPRISONED, FINED OR HAVE THEIR ASSETS SEIZED.

**UPON** the Summons of the Plaintiff dated 15 July 2025 (the "**Summons**");

**AND UPON** hearing Counsel for the Plaintiff and Counsel for the [ ] Defendants;

**AND UPON** reading the sworn evidence listed in Schedule C to this Order;

**IT IS ORDERED** as follows:

1 **Preservation of Property**

  1.1  Until trial or further Order, the Defendants will:

   (a)  Preserve and will not in any way dispose of, deal with, encumber, transfer or diminish the value of (as applicable) their or any interest (of whatsoever nature),

THIS ORDER was filed by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/LRA/858403-01/83693213

2

    whether held directly or indirectly, in Charitable DAF Fund, LP (the "**Fund**"), the Fund Entities (defined in Schedule A hereto) and/or any assets of the Fund;

(b) Procure that the Fund Entities and their wholly owned subsidiaries will not in any way dispose of, deal with, encumber, transfer or diminish the value of any of their assets; and

(c) Preserve and will not in any way dispose of, deal with, encumber, transfer or diminish any assets in their possession or control, whether they are in or outside the Cayman Islands, which were, are or may be received (whether directly or indirectly):

 (i) by way of distribution, disposition, dividend, benefit, payment or other transfer from (as the case may be) the Plaintiff, the Fund, any of the Third to Fifth Defendants, the Fund Entities and/or their wholly owned subsidiaries; or

 (ii) from any assets of the Fund, the Fund Entities and/or their wholly owned subsidiaries.

1.2 The Defendants shall not do anything to cause, procure, incite, promote or assist a breach by any other Defendant of the above clause 1.1.

2 **Disclosure of Information**

2.1 The Defendants (and each of them) must within 21 days of the date of this Order provide an affidavit (by themselves or by their proper officer) setting out (to the best of their ability):

THIS ORDER was filed by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/LRA/858403-01/83693213

3

(a)   Full details of all entities owned by the Fund, whether through any Fund Entity or any other subsidiaries, whether directly or indirectly or solely or jointly owned, or otherwise.

(b)   With respect to the Fund Entities and any other entities identified under paragraph (i) above, full details of the holders of shares or other membership interests, directors, officers or other controllers, and places and details of incorporation.

(c)   Full details of every payment by way of salary, bonus, dividend, distribution, expenses, or other compensation made to the First or Second Defendants and/or any other officer or employee, or for their direct or indirect benefit, by the Plaintiff, the Fund, the Third Defendant, the Fourth Defendant, the Fifth Defendant, or any of the Fund Entities (or any other entities identified under paragraph 2.1(a) above) between 25 March 2021 and the date of this Order. Such information is to include the dates and amounts of each payment, the basis of the payment, the identity of the paying party, and full details of the account into which payment was made.

(d)   Without prejudice to the above, full details of every payment to any attorney, lawyer, third party consultant, accountant, or external professional services advisor, whether a firm, partnership, company or individual, by the Plaintiff, the Fund, the Third Defendant, the Fourth Defendant, Fifth Defendant, or any of the Fund Entities (or any other entities identified under paragraph 2.1(a) above) between 25 March 2021 and the date of this Order. Such information is to include the dates and amounts of each payment, the basis of the payment, the identity of the paying party, and full details of the account into which payment was made.

THIS ORDER was filed by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/LRA/858403-01/83693213

4

2.2    In addition to the information in paragraph 2.1(a)-(d) above and insofar as not already covered above, the Fifth Defendant must include in its affidavit:

(a)    Full details of all assets owned by the Fund (whether registered in the name of the Fund or in the name of the General Partner on behalf of the Fund) and their estimated current values.

(b)    Full details of all disposals, assignments, transfers, sales, purchases or other transactions in respect of all or part of any asset owned by the Fund, for the period commencing on 25 March 2021 until the date of this Order.  Such details must include (a) the date of the transaction; (b) the identity of any party(ies) depositing funds in respect of the transaction; (c) the identity of any party(ies) receiving funds in respect of the transaction; and (d) an explanation as to the nature and purpose of the transaction.

2.3    In addition to the information in paragraph 2.1(a)-(d) above and insofar as not already covered above, the Sixth Defendant must include in its affidavit:

(a)    Full details of all assets owned by each of the Fund Entities or any of their wholly owned subsidiaries and their current estimated values.

(b)    Full details of all disposals, assignments, transfers, sales, purchases or other transactions in respect of all or part of any asset owned by any Fund Entity or any of their wholly owned subsidiaries, for the period commencing on 25 March 2021 until the date of this Order.  Such details must include (a) the date of the transaction; (b) the identity of any party(ies) depositing funds in respect of the transaction; (c) the identity of any party(ies) receiving funds in respect of the

THIS ORDER was filed by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/LRA/858403-01/83693213

5

        transaction; and (d) an explanation as to the nature and purpose of the transaction

3      The affidavits required pursuant to paragraphs 2.1 to 2.3 above shall have exhibited to them true copy documents:

    3.1    Full and complete copies of all existing financial statements or records, including statements prepared on a consolidated basis and/or management accounts and/or ledgers, prepared in respect of the Fund, the Third Defendant, the Fourth Defendant, the Fifth Defendant, the Sixth Defendant or any of the Fund Entities or any other entities identified under paragraph 2.1(a) above between 25 March 2021 and the date of this Order.

    3.2    Full data and documents in support of the information required pursuant to paragraphs 2.1 to 2.3 above.

Copy documents shall be provided in electronic form but must be identified in clear terms (on a category basis) in the respective affidavit.

4      **Monthly Reports**

    4.1    Until trial or further Order:

        (a)    The Defendants (and each of them) must within 7 days of the end of each calendar month after this Order is made, provide the Company with a written report, listing all transactions that have been undertaken by each of them, the Fund, and any of the Fund Entities or any other entities identified under paragraph 2.1(a) above during the calendar month just passed (the "**Monthly Transaction Report**").

THIS ORDER was filed by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/LRA/858403-01/83693213

6

(b)   For each transaction in a Monthly Transaction Report, the following details shall be included:

   (i)    The date of the transaction;

   (ii)   The identity of any party(ies) depositing funds in respect of the transaction;

   (iii)  The identity of any party(ies) receiving funds in respect of the transaction; and

   (iv)   An explanation as to the nature and purpose of the transaction.

5   **Exceptions to this Order**

   5.1   This Order does not prohibit:

      (a)   The Defendants, the Fund Entities or their wholly owned subsidiaries from making any payments in an amount of US$10,000 or less that are reasonably necessary in the ordinary course of business to keep the corporate Defendants, the Fund Entities or their wholly owned subsidiaries in good standing; or

      (b)   The Fifth Defendant or Sixth Defendant from making payment from Fund assets of their reasonable legal fees and expenses, but prior to making any such payment, the Fifth Defendant or Sixth Defendant (as applicable) must give 3 days' written notice to the Plaintiff setting out full details of where the money that is being used for the payment has been sourced from.

   5.2   To the extent that any Defendant, Fund Entity or any of their wholly owned subsidiaries wishes to (i) make any payment or otherwise deal with its assets for the purpose of

THIS ORDER was filed by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/LRA/858403-01/83693213

7

preserving, improving or maintaining the value of its assets; or (ii) make any new investments, they may make a written request (in the case of a Fund Entity or one of their wholly owned subsidiaries, through the Sixth Defendant) to the Plaintiff to undertake the proposed transaction. Such request must include full supporting information and documentation as well as an explanation of the rationale for the transaction. The Plaintiff shall be required to give its approval or non-approval to the proposed transaction within 7 days of the request being made. Should the Plaintiff not approve the proposed transaction, the party making the request shall not consummate the proposed transaction.

6      **Effect of this Order**

6.1      A Defendant who is an individual who is ordered not to do something must not do it themselves or in any other way. The Defendant must not do it through others acting on that Defendant's behalf or on that Defendant's instructions or with that Defendant's encouragement.

6.2      <u>Set off by Banks</u> - This injunction does not prevent any bank from exercising any right of set off it may have in respect of any facility which it gave to any Defendant before it was notified of the Order.

6.3      <u>Withdrawals by any Defendant</u> - No bank need enquire as to the application or proposed application of any money withdrawn by any Defendant if the withdrawal appears to be permitted by this Order.

THIS ORDER was filed by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/LRA/858403-01/83693213

7       **Parties other than the Plaintiff and Defendants**

   7.1    <u>Effect of this Order</u> - It is a contempt of Court for any person notified of this Order knowingly to assist in or permit a breach of the Order. Any person doing so may be sent to prison, fined, or have that person's assets seized.

   7.2    <u>Effect of this Order outside the Cayman Islands</u> - The terms of this Order do not affect or concern anyone outside the jurisdiction of this Court until it is declared enforceable or is enforced by a court in the relevant country and then they are to affect such person only to the extent they have been declared enforceable or have been enforced UNLESS such person is:

   (a)    a person to whom this Order is addressed or an officer or an agent appointed by power of attorney of such a person; or

   (b)    a person who is subject to the jurisdiction of this Court and (i) has been given written notice of this Order at that person's residence or place of business within the jurisdiction of this Court and (ii) is able to prevent acts or omissions outside the jurisdiction of this court which constitute or assist in a breach of the terms of this order.

   7.3    <u>Assets located outside the Cayman Islands</u> -

   (a)    Nothing in this order shall, in respect of assets located outside the Cayman Islands, prevent any person other than the Defendants from complying with: (1) what that person reasonably believes to be their obligations, contractual or otherwise, under the laws and obligations of the country or state in which those assets are situated or under the proper law of any contract between that person and the Respondent; and  (2) any orders of the courts of that country or state,

THIS ORDER was filed by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/LRA/858403-01/83693213

9

provided that reasonable notice of any application for such an order, being not less than 28 days, is given to the Plaintiff's attorneys.

**8** **Undertakings**

8.1   The Plaintiff gives to the Court the undertakings set out in Schedule B to this Order.

**9** **Duration of this Order**

9.1   This Order will remain in force until after final judgment in these proceedings unless before then it is varied or discharged by further Order of the Court.

**10** **Costs**

10.1   The Defendants shall be jointly and severally liable to pay the Plaintiff's costs of the Summons, such costs to be taxed if not agreed.

**11** **Variation of this Order**

11.1   Any Defendant (or anyone notified of this Order) may apply to the Court at any time to vary this Order (or so much of it as affects that person), but anyone wishing to do so must first inform the Plaintiffs' attorneys in writing on not less than 28 days' notice.

**12** **Leave to serve out of the jurisdiction**

12.1   The Plaintiff has leave to serve the Writ, the Statement of Claim, this Order, the Summons and evidence in support, and all other documents associated with these proceedings on:

THIS ORDER was filed by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/LRA/858403-01/83693213

10

    (a)    The First Defendant in the United States of America in accordance with the laws of that country as to service on individuals; and

    (b)    The Third and Fourth Defendants in the United States of America in accordance with the laws of that country as to service on corporations.

12.2    The First Defendant, the Third Defendant and the Fourth Defendant shall have 28 days after service to file their Acknowledgement of Service.

**NAME AND ADDRESS OF PLAINTIFF'S ATTORNEYS**

The Plaintiff's attorneys are: Maples and Calder (Cayman) LLP, Ugland House, PO Box 309, Grand Cayman, Cayman Islands KY1-1104

DATED this    day of    2025

FILED this    day of    2025

_____

**THE HONOURABLE JUSTICE [SURNAME OF JUDGE]**

THIS ORDER was filed by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/LRA/858403-01/83693213

11

## SCHEDULE A: LIST OF FUND ENTITIES

(i) Charitable DAF Fund 2, LP (Cayman Islands)

(ii) Charitable DAF Fund, LP (Cayman Islands)

(iii) CLO HoldCo, Ltd. (Cayman Islands)

(iv) Liberty CLO HoldCo, Ltd. (Cayman Islands)

(v) HCT Holdco 2, Ltd. (Cayman Islands)

(vi) MGM Studios Holdco, Ltd. (Cayman Islands)

(vii) Liberty CLO HoldCo, LLC (Delaware)

(viii) Liberty Sub, Ltd. (Delaware)

(ix) Charitable DAF Holdings Corp. (Delaware)

(x) DST Investco, LLC (Delaware)

(xi) Allanon Capital Management LLC (Texas)

(xii) CLO HoldCo LLC (Delaware)

(xiii) Rand Advisors LLC (Delaware)

(xiv) CDHC Royse City Land LLC (Texas)

(xv) Royse City Land Company LLC (Texas)

(xvi) CDHC Assets LLC (Texas)

(xvii) CDHC Fort Worth Land LLC (Texas)

(xviii) CDHC Stewart Creek LLC (Texas)

(xix) BVP Property LLC (Delaware with CA registration)

THIS ORDER was filed by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/LRA/858403-01/83693213                                                                                       12

## SCHEDULE B: UNDERTAKINGS GIVEN BY THE PLAINTIFF

(1)　Anyone notified of this Order will be given a copy of it by the Plaintiffs' attorneys.

(2)　The Plaintiff will pay the reasonable costs of anyone other than any Defendant which have been incurred as a result of this Order including the costs of ascertaining whether that person holds any of such Defendant's assets and that if the Court later finds that this Order has caused such a person loss, and decides that the person should be compensated for that loss, the Plaintiffs will comply with any Order the Court may make above.

THIS ORDER was filed by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/LRA/858403-01/83693213                                                                                            13

### SCHEDULE C: SWORN EVIDENCE CONSIDERED BY THE JUDGE

The Judge read the following sworn evidence before making this Order:

(1)     The First Affidavit of Margot MacInnis sworn on 15 July 2025 together with its exhibit MM-1;

(2)     …

(3)     …

THIS ORDER was filed by Maples and Calder (Cayman) LLP, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/LRA/858403-01/83693213                                                                                           14