# EXHIBIT 87

# Rachel Baxendale

| | |
|---|---|
| **From:** | David N. Corkern <DCorkern@CCSB.com> |
| **Sent:** | 18 December 2024 11:24 PM |
| **To:** | Brandon R. Schaller |
| **Cc:** | Bart Higgins; Brian P. Shaw |
| **Subject:** | DAF--proposed reorganization |

CAUTION: This email originated from outside of the organization.

Brian,

In accordance with our conversation this morning with Mark Patrick, here are my initial thoughts regarding the U.S. tax issues that merit a reorganization of Charitable DAF Holco, Ltd. ("DAF").  It is my understanding that DAF currently has four (4) non-voting participating shareholders/supporting organizations, each of which is an IRC Section 501(c)(3) organization (per filings with the IRS) and controlled, directly or indirectly, by James Dondero ("Dondero").  You have detailed instances in which you believe Dondero has acted in ways that create a per se conflict of interest between him and each of the participating shareholders that he controls, as well as DAF.  For example, it is my understanding that as recently as November, 2023, Dondero requested the current manager of DAF to transfer approximately $1,000,000 to Sentinel Reinsurance, Ltd. (a Dondero-controlled entity) in payment of legal fees unrelated to DAF or its charitable purposes.  It is my further understanding that Grant Scott, the prior manager of DAF and a college friend of Dondero, had a history of using DAF funds to benefit Dondero personally.  While the current manager has been acting independently of Dondero and those under Dondero's influence and/or control, this pattern of Dondero's using DAF as his personal "piggy bank" has caused the perception among many of Dondero's creditors that DAF has been or is as his financial alter ego.  As such, DAF runs an increased risk of being embroiled in litigation directed against Dondero and his entities.

To the extent that the participating shareholders/supporting organizations have either encouraged or acquiesced in Dondero's accessing DAF funds for his personal benefit, either directly or through the entities that he controls or in which he has considerable financial interest, those organizations run the risk of losing their tax-exempt status with the IRS.  Each IRC Section 501(c)(3) organization must be organized <u>and</u> operating primarily for charitable purposes.  Treas. Reg. Section 1.501(c)(3)-1(c)(1) provides that an organization will not be compliant with the operational test "if more than an insubstantial part of its activities is not in furtherance of an exempt purpose."  Additionally, an IRC Section 501(c)(3) organization cannot be operated for the benefit of an individual or entity—private benefit/private inurement prohibition.

Given what has been detailed about Dondero's past and continued actions with the participating shareholders/supporting organizations and DAF, there is a heightened risk that the IRS could revoke the tax-exempt status of one or more of said participating shareholders/supporting organizations, which could imperil the status and assets of DAF.  To help insulate DAF from any such exposure and to facilitate and expand its charitable purposes, DAF is considering a two-prong restructure/reorganization that will bring in additional participating shareholders and create a Delaware blocking LLC.  Clearly, expanding the number of shareholders of DAF will dilute the influence of Dondero and the entities controlled by him and, as such, will broaden the charitable scope of DAF for the benefit of the public.  The IRS will look favorably upon any and all attempts for DAF to maintain its independence from what seems to be persistent attempts by Dondero and the entities controlled by him to use DAF for his private benefit and private inurement.

David

**David N. Corkern**
*Senior Counsel*



1

**525**

O 214.855.3099
DCorkern@CCSB.com / ccsb.com

Carrington, Coleman, Sloman & Blumenthal, L.L.P.
901 Main St  /  Suite 5500  /  Dallas, TX 75202

Admitted in Texas, Louisana, and D.C.
LLM in Taxation
**Board Certified Tax Law Specialist —**
**Louisiana Board of Legal Specialization**

**David N. Corkern**
*Senior Counsel*



O 214.855.3099
DCorkern@CCSB.com / ccsb.com

Carrington, Coleman, Sloman & Blumenthal, L.L.P.
901 Main St  /  Suite 5500  /  Dallas, TX 75202

Admitted in Texas, Louisana, and D.C.
LLM in Taxation
**Board Certified Tax Law Specialist —**
**Louisiana Board of Legal Specialization**

This electronic message is confidential and is intended only for the use of the individual to whom it is addressed. The information may also be legally privileged. This transmission is sent in trust, for the sole purpose of delivery to the intended recipient. If you have received this transmission in error, you are hereby notified that any use, dissemination, distribution or reproduction of this transmission is strictly prohibited. If you are not the intended recipient, please immediately notify me by electronic message or telephone at 214-855-3000, and delete the message from your system. Carrington, Coleman, Sloman & Blumenthal, L.L.P. www.carringtoncoleman.com