# EXHIBIT 88

CAUSE NO. _____

| | |
|---|---|
| THE HIGHLAND DALLAS FOUNDATION, INC., THE HIGHLAND KANSAS CITY FOUNDATION, INC., and THE HIGHLAND SANTA BARBARA FOUNDATION, INC.,, <br><br> *Plaintiffs*, <br><br> v. <br><br> MARK PATRICK and DFW CHARITABLE FOUNDATION, CDMCFAD, LLC, CHARITABLE DAF GP, LLC and CDH GP, Ltd., <br><br> *Defendants*. | IN THE TEXAS BUSINESS COURT <br><br><br> 1ST DIVISION <br><br><br> DALLAS, TEXAS |

**TEMPORARY RESTRAINING ORDER**
**AND ORDER SETTING HEARING FOR TEMPORARY INJUNCTION**

After considering the application for temporary restraining order filed by The Highland Dallas Foundation, Inc., The Highland Kansas City Foundation, Inc., and The Highland Santa Barbara Foundation, Inc., (collectively, the "Plaintiffs"), Plaintiff's Original Petition, Application for Temporary Restraining Order and Temporary Injunction, and Emergency Application for Appointment of Receiver (the "Petition"), the Affidavit of Julie Diaz in support of the injunctive relief sought in the Petition (the "Affidavit"), and statements of counsel, the Court finds there is evidence that harm is imminent to Plaintiffs, and if the Court does not issue the temporary restraining order, Plaintiffs will be irreparably injured because they will be denied their rights to realize the full value of the assets that were held in the Charitable DAF Fund, L.P. (the "Charitable DAF Fund") expressly held for the Plaintiffs' as indirect charitable owners if Defendants transfer, conceal, encumber or endanger those assets or liquidate or modify the governance or ownership

of Charitable DAF Fund or any of its affiliates or subsidiaries, or the DFW Charitable Foundation, or any of its affiliates or subsidiaries, CDMCFAD, LLC, or any of its affiliates or subsidiaries, Charitable DAF GP, LLC, or any of its affiliates or subsidiaries, and CDH GP, Ltd. or any of its affiliates or subsidiaries (collectively the "Covered Entities") and that the injury to Plaintiffs will be irreparable because of the inability to recover the assets coupled with the likely insolvency of Defendants.

Therefore, by this order, the Court:

(a) restrains, enjoins, and prohibits Defendants and Defendants' respective agents, servants, employees, representatives, and all other persons acting under the aegis of, in concert with, or for Defendants, from transferring, concealing, withdrawing, alienating, expending, dispersing, or otherwise disposing of any and all funds, assets, receivables, or shares ever held by the Covered Entities, regardless of where they are presently held;

(b) restrains, enjoins, and prohibits Defendants and Defendants' respective agents, servants, employees, representatives, and all other persons acting under the aegis of, in concert with, or for Defendants, from taking any action to dissolve, winddown, liquidate, or otherwise alter the corporate standing of Covered Entities;

(c) restrains, enjoins, and prohibits Defendants and Defendants' respective agents, servants, employees, representatives, and all other persons acting under the aegis of, in concert with, or for Defendants, from taking any action to modify or alter the corporate governance of the Covered Entities, including but not limited to any amendment to their respective bylaws or organizational documents;

(d) restrains, enjoins, and prohibits Defendants and Defendants' respective agents, servants, employees, representatives, and all other persons acting under the aegis of, in concert with, or for Defendants, from taking any action to modify or alter the current ownership of the Covered Entities, including but not limited to the admission of new shareholders, partners, members, or other equity interest holders or the transfer of any shares, partnership interests, member interests, or other equity interests to any other party;

(e) restrains, enjoins, and prohibits Defendants and Defendants' respective agents, servants, employees, representatives, and all other persons acting under the aegis of, in concert with, or for Defendants, from altering, concealing, or destroying any business records concerning the Defendants, including any transfers of funds, assets, receivables, or shares to the Defendants;

(f) restrains, enjoins, and prohibits Defendants and Defendants' respective agents, servants, employees, representatives, and all other persons acting under the aegis of, in concert with, or for Defendants, from exercising any control over the Covered Entities;

(g) orders the clerk to issue notice to Defendants, that the hearing on Plaintiff's application for temporary injunction is set for July ____, 2025, at _____ a.m./p.m. to determine whether this temporary restraining order should be made a temporary injunction pending a full trial on the merits; and

(h) Sets bond at $_____, which may be paid by Plaintiff with check (or by attorney or law firm check) payable to the [Dallas County District Clerk], approved and conditioned as the law requires.

Once effective, this temporary injunction shall remain in full force and effect until it expires fourteen (14) days after the date and hour of issue reflected below, unless extended by this Court or by agreement of the parties.

SO ORDERED.

SIGNED on July ___, 2025, at _____ a.m./p.m.

_____
JUDGE PRESIDING