# EXHIBIT 89

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
BOSTON
HOUSTON
DALLAS
FORT WORTH
AUSTIN

# DuaneMorris®

*FIRM and AFFILIATE OFFICES*

JOSEPH M. COX
PARTNER
DIRECT DIAL: +1 214 257 7252
PERSONAL FAX: +1 214 853 9480
E-MAIL: JMCox@duanemorris.com

*www.duanemorris.com*

HANOI
HO CHI MINH CITY
SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NORTH JERSEY
LAS VEGAS
SOUTH JERSEY
SYDNEY
MYANMAR

ALLIANCES IN MEXICO

July 11, 2025

Mr. Brian Shaw
Carrington, Coleman, Sloman, & Blumenthal
901 Main Street, Suite 5500
Dallas, Texas 75202
bshaw@ccsb.com

*Sent via email*

Re: **The Highland Dallas Foundation, Inc, et al v. Mark Patrick, et al,**
**Cause No. 25-BC01B-0027**
**Rule 11 Agreement**

Dear Mr. Shaw:

Pursuant to Texas Rule of Civil Procedure 11, the parties in this matter The Highland Dallas Foundation, Inc., The Highland Kansas City Foundation, Inc., and The Highland Santa Barbara Foundation, Inc. (collectively "Plaintiffs"), and Mark Patrick, DFW Charitable Foundation, CDMCFAD, LLC, and CDH GP, Ltd. (collectively "Defendants"), agree to the following:

(1) The "Covered Entities" as referred to herein is defined to include collectively Charitable DAF Fund, LP and/or any of its subsidiaries, the DFW Charitable Foundation and/or any of its subsidiaries, CDMCFAD, LLC and/or any of its subsidiaries, and/or any of its subsidiaries, and CDH GP, Ltd. and/or any of its subsidiaries.

(2) Defendants shall have until Monday, July 14, 2025, to file a challenge to the court's jurisdiction (the "Plea").

(3) Plaintiffs shall have until Monday, July 21, 2025, to file a response to the Plea.

(4) Defendants shall have until Thursday, July 24, 2025, to file a reply to the Plea.

(5) The Parties agree to the following limits on discovery prior to any hearing on Plaintiffs' application for temporary injunction/appointment of receiver (the "Temporary Injunction")

DUANE MORRIS LLP

100 CRESCENT COURT, SUITE 1200        PHONE: +1 214 257 7200    FAX: +DM1 4 6823 0240.1
DALLAS, TX 75201                                                       DM1 16831875.1

# DuaneMorris

Brian Shaw, Esq.
July 11, 2025
Page 2

in this matter (these limits shall have no effect on any discovery conducted after the Temporary Injunction is decided):

   a. Plaintiffs and Defendants each (not per party) may serve 25 requests for production to the other, may serve 5 interrogatories, may serve 10 requests for admission, and may take 3 depositions (2 of which shall be limited to 3 hours, and one of which shall be limited to 6 hours, the selection of the witness for the six hour deposition to be determined by the party seeking the deposition).

   b. The Parties shall serve all discovery requests no later than Wednesday, July 16, 2025.

   c. Responses to the written discovery and substantial completion of related any related document production shall be served as follows: (1) if the Court denies the Plea as to any Defendant, seven business days after the Court order denying the Plea is entered; (2) if the Court grants the Plea as to all Defendants, then responses to written discovery shall not be due, if at all, until seven business days after the Court's order granting the Plea is reversed or overturned.

   Depositions shall take place within seven days after the written discovery responses and documents are served as set forth in c. above.

(6) If the Court denies the Plea, the Temporary Injunction shall be heard as reasonably practicable after the ruling, unless stayed by an appellate court. If the Plea is granted, but is later reversed or overturned, the same timelines for discovery provided in (5) above shall be followed and the Parties shall then seek to expeditiously set a hearing before the Court.

(7) Pending the Court's decision on the Temporary Injunction or grant of the Plea relating to the Temporary Injunction or Plea), the Covered Entities and their respective agents, servants, employees, representatives, and all other persons acting under the aegis of, in concert with, or for any Covered Entity, agree:

   a. not to transfer, conceal, withdraw, alienate, redeem, expend, encumber, disperse, or otherwise dispose of any and all funds, assets, receivables, or shares outside of the ordinary course of business;

   b. not take any action to increase the compensation paid to any employee of the Covered Entities;

   c. not to take any action to dissolve, winddown, liquidate, or otherwise alter the corporate standing of Covered Entities;

   d. not to take any action to modify or alter the corporate governance of the Covered Entities, including but not limited to any amendment to their respective bylaws or organizational documents;

   e. not to take any action to sell, exchange, or dispossess any asset of one of the Covered Entities unless (i) the sale is to a bona third party purchaser for reasonably equivalent value, (ii) except in the case of marketable securities, the bona fide

DuaneMorris

Brian Shaw, Esq.
July 11, 2025
Page 3

    purchaser is made aware of this Rule 11 Agreement, and (iii) the proceeds from that sale, exchange, or disposition remain owned by the Covered Entities;

  f. not to alter, conceal, or destroy any business records concerning the Defendants, including any transfers of funds, assets, receivables, or shares to the Defendants;

(8) This Agreement shall be filed with the Court and, as provided in the first sentence of this letter, constitutes an enforceable agreement pursuant to Texas Rule of Civil Procedure 11. This Agreement shall expire and be of no force or effect on the earlier of (a) thirty days after a final order of the Court dismissing this case or (b) the Court's ruling on Plaintiffs' current request for a temporary injunction (or as subsequently amended). This does not prevent a party from requesting that a court of appeals issue an order to keep this Rule 11 Agreement in place during the pendency of such appeal or any objection to such request.

  If the terms above accurately reflect our agreement, please acknowledge your agreement by signing below.

  Best regards.

Sincerely,

*[signature]*

Joseph M. Cox

AGREED TO FORM AND CONTENT:

*[signature]*
_____
Brian Shaw, Counsel for Defendants

JMC/kr
cc: (all via email)
  Darren McCarty, Esq.
  Craig Warner, Esq.
  Clients

DM1\16831875.1