IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CHARITABLE DAF HOLDCO, LTD (IN OFFICIAL LIQUIDATION),[1]<br><br>    Debtor in a foreign proceeding. | Chapter 15<br><br>Case No. 25-11376 (\_\_\_) |

**MOTION OF PETITIONERS FOR ENTRY OF AN ORDER SCHEDULING A HEARING ON CHAPTER 15 PETITION FOR RECOGNITION AND RELATED RELIEF AND SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE**

Margot MacInnis and Sandipan Bhowmik, solely in their capacities as the duly authorized joint official liquidators and authorized petitioners (the "JOLs" or the "Petitioners") of Charitable DAF Holdco, Ltd. (In Official Liquidation) ("HoldCo" or the "Debtor") in the Cayman Island foreign proceeding (the "Cayman Proceeding") commenced under the relevant provisions of the Cayman Islands Companies Act (2025 Revision) (the "Companies Act"), pending as Cause FSD No. 116 of 2025 (JAJ) before the Grand Court of the Cayman Islands (the "Cayman Court"), respectfully submits this motion (the "Motion") for entry of an order (the "Notice Order"), substantially in the form attached as **Exhibit A**, (i) scheduling a hearing (the "Recognition Hearing") on the relief sought in the Debtor's *Verified Petition for (i) Recognition of the Foreign Main Proceeding, (ii) Recognition of the Foreign Representatives, and (iii) Certain Related Relief* (the "Verified Petition")[2] and the *Chapter 15 Petition for Recognition of a Foreign Proceeding* for the Debtor (together with the Verified Petition, the "Petitions"), (ii) setting the deadline by which any responses or objections to the Petitions must be received (the "Objection Deadline"), (iii)

---

[1] The Debtor is incorporated in the Cayman Islands as an exempted company and registered with registration number 170388. The Debtor's registered office is located at HSM Corporate Services Limited, P.O. Box 31726, 68 Fort Street, George Town, Grand Cayman, KY1-1207, Cayman Islands.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Verified Petition.

approving the form of the notice of this chapter 15 case (the "Chapter 15 Case"), the relief sought in the Petitions, the Objection Deadline, and the Recognition Hearing that is attached as **Exhibit 1** to the Notice Order (the "Notice") and (iv) approving the manner of service of the Notice. In support of the Motion, the JOLs respectfully state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. Recognition of a foreign proceeding and other matters under chapter 15 of the Bankruptcy Code are core matters under 28 U.S.C. § 157(b)(2)(P).

2. The JOLs, solely in their capacities as such, consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. Venue is proper in this Court and this District pursuant to 28 U.S.C. § 1410.

4. The statutory predicates for the relief requested herein are sections 105, 1514, and 1515 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 2002, 9006, 9007 and 9008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2002-1(b) of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

5. On May 6, 2025, the Cayman Court entered an order (the "Supervision Order") appointing the JOLs in their capacity as independent fiduciaries and court officers, to liquidate HoldCo under the Cayman Court's supervision. Under Cayman law, the JOLs' duties include the collection, realization and distribution of the assets of HoldCo to its creditors and, if there is a

surplus, to equity holders. Cayman law affords the JOLs authority to investigate HoldCo's business and affairs in furtherance of their duties.

6. On the date hereof, the JOLs filed the Verified Petition under chapter 15 of the Bankruptcy Code for recognition of the Cayman Proceeding, thereby commencing the Chapter 15 Case.

7. A detailed description of the Debtor and its business and the facts and circumstances supporting this Motion and the Chapter 15 Case are set forth in (i) the Verified Petition and (ii) the *Declaration of Margot MacInnis in Support of Verified Petition for (i) Recognition of the Foreign Main Proceeding, (ii) Recognition of the Foreign Representatives, and (iii) Certain Related Relief*, each filed contemporaneously herewith and incorporated by reference.

## RELIEF REQUESTED

8. By this Motion, the JOLs respectfully request the entry of the Notice Order, substantially in the form attached hereto as **Exhibit A**, (i) scheduling the Recognition Hearing at the earliest possible time, (ii) setting the Objection Deadline, (iii) approving the form of Notice attached as Exhibit 1 to the Notice Order and (iv) approving the manner of service of the Notice.

**A.    Recognition Hearing**

9. The JOLs respectfully request that the Recognition Hearing be scheduled on the earliest possible date at least twenty-one (21) days after service of the Notice and Petitions (collectively, the "Notice Documents") on the Notice Parties (as defined below).

**B.    Objections to the Petitions**

10. The JOLs further request that the Court require any party in interest wishing to submit a response, answer, or objection to the Petitions must do so pursuant to the Bankruptcy

Code, the Bankruptcy Rules, and the Local Rules, and such response, answer, or objection must (i) be in writing, (ii) set forth in detail the factual and legal bases therefor, (iii) be filed with the United States Bankruptcy Court for the District of Delaware, Office of the Clerk of the Court, 824 Market Street, Wilmington, Delaware 19801, and (iv) served upon counsel for the JOLs, Reed Smith LLP, 1201 North Market Street, Suite 1500, Wilmington, DE 19801 (Attention: Jason D. Angelo, Esq.) and Reed Smith LLP, 599 Lexington Avenue, New York, NY 10022 (Attention: Casey Laffey, Esq., Aaron Javian, Esq., Ian M. Turetsky, Esq., and Richard C. Solow, Esq.), so as to be actually received at least seven (7) days prior to the Recognition Hearing.

C.      **Recognition Hearing Notice**

11.     The JOLs further request that the Court approve the Notice in substantially the form attached hereto as **Exhibit 1** to the Notice Order. The Notice will notify the Notice Parties (defined below) of: (i) the filing of the Chapter 15 Case, (ii) the relief sought in the Petitions, (iii) the Objection Deadline, and (iv) the Recognition Hearing. The Notice will also provide that copies of the Notice Documents are available and may be obtained (i) at the electronic case filing ("ECF") website maintained by the federal judiciary where interested parties may view all pleadings filed in the Chapter 15 Case; (ii) free of charge at the website maintained by the JOLs at https://www.doanegrantthornton.ca/service/advisory/creditor-updates/#Charitable-DAF-Holdco-Ltd; and (iii) free of charge upon written request to the JOLs' counsel.

**BASIS FOR RELIEF REQUESTED**

A.      **Form and Manner of Service of the Notice**

12.     Bankruptcy Rule 2002(q)(1) requires "at least 21 days' notice by mail of the hearing" on a petition for recognition of a foreign proceeding. Bankruptcy Rule 2002(q)(1) provides that:

> . . . the debtor, all persons or bodies authorized to administer foreign proceedings of the debtor, all entities against whom provisional relief is being sought under § 1519 of the Code, all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition, and such other entities as the court may direct, [shall be given] notice by mail of the hearing on the petition for recognition of a foreign proceeding. . . .

Bankruptcy Rule 2002(q), however, does not specify the form and manner in which notice must be given. Pursuant to Bankruptcy Rules 2002(m) and 9007, when notice is to be given under the Bankruptcy Rules, the presiding court may designate the form and manner in which such notice shall be given.

13. Pursuant to Bankruptcy Rule 2002(q) and Local Rule 2002-1(b), the JOLs propose to serve the Notice Documents by hand delivery, overnight courier, or domestic or foreign mail, first-class postage prepaid or, for entities with addresses that are not in the United States, by electronic mail two (2) business days after entry of the Notice Order, or as soon thereafter as is reasonably practicable, upon the following entities or their counsel, if known: (i) the United States Trustee for the District of Delaware; (ii) the Debtor; (iii) all persons or bodies authorized to administer foreign proceedings of the Debtor, including the Cayman Proceeding; (iv) all entities against whom provisional relief is being sought under section 1519 of the Bankruptcy Code; (v) all known creditors and contract counterparties of the Debtor in the United States; (vi) all parties to litigation pending in the United States to which the Debtor is a party at the time of the filing of the Petitions; (vii) all parties that have filed a notice of appearance in the Chapter 15 Case; (viii) all other parties that have requested notice in these cases pursuant to Bankruptcy Rule 2002; and (ix) any other party identified on the "Notice List" attached hereto as **Exhibit B** (collectively, the "Notice Parties").

14. The JOLs submit that the form and manner of service of the Notice Documents and the procedures outlined herein constitute adequate and sufficient notice of the Chapter 15 Case,

the relief sought in the Petitions, the Objection Deadline, and the Recognition Hearing to all parties, including those with foreign addresses. Accordingly, the JOLs respectfully request that this Court approve the form and manner of service of the Notice for the Notice Parties.

**B.      Section 1514(c) is not Applicable to these Cases**

15.     Section 1514(c) provides that "[w]hen a notification of commencement of a case is to be given to foreign creditors, such notification shall (1) indicate the time period for filing proofs of claim and specify the place for filing such proofs of claim; [and] (2) indicate whether secured creditors need to file proofs of claim . . . ." 11 U.S.C. § 1514(c). Given that these are ancillary cases under chapter 15 and creditors will not be filing proofs of claim in the Chapter 15 Case, the JOLs respectfully submit that section 1514 is inapplicable here. As explained in *Collier on Bankruptcy*, that section is the "last in a series of sections dealing with the international aspects of cases under chapters other than chapter 15 that began with section 1511." 8 *Collier on Bankruptcy* ¶ 1514.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (emphasis added). To the extent section 1514(c) applies, the JOLs respectfully request that the requirements contained therein be waived.

## NOTICE

16.     The JOLs have provided notice of this Motion consistent with Local Rule 9013-1(m). The JOLs submit that such notice is sufficient in view of the facts and circumstances, and no other or further notice need be provided.

## NO PRIOR REQUEST

17.     No prior request for the relief sought in this Motion has been made to this or any other court.

**CONCLUSION**

WHEREFORE, the JOLs respectfully request that this Court (i) enter the Notice Order granting the relief requested herein and (ii) grant such other and further relief as is just and proper.

Dated: July 21, 2025  
       Wilmington, Delaware

Respectfully submitted,

**REED SMITH LLP**

By: */s/ Jason D. Angelo*  
Jason D. Angelo (No. 6009)  
1201 North Market Street, Suite 1500  
Wilmington, DE 19801  
Telephone: +1.302.778.7500  
Facsimile: +1.302.778.7575  
E-mail: jangelo@reedsmith.com

-and-

Casey Laffey, Esq. (*pro hac vice* forthcoming)  
Aaron Javian, Esq. (*pro hac vice* forthcoming)  
Ian M. Turetsky, Esq. (*pro hac vice* forthcoming)  
Richard C. Solow, Esq. (*pro hac vice* forthcoming)  
**REED SMITH LLP**  
599 Lexington Avenue  
New York, NY 100220  
Telephone: +1.212.521.5400  
Facsimile: +1.713.521.5450  
E-mail:  claffey@reedsmith.com  
          ajavian@reedsmith.com  
          ituretsky@reedsmith.com  
          rsolow@reedsmith.com

*Counsel to Margot MacInnis and Sandipan Bhowmik as Joint Official Liquidators of Chapter 15 Debtor*