**Exhibit A**

**Notice Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CHARITABLE DAF HOLDCO, LTD (IN OFFICIAL LIQUIDATION),[1]<br><br>      Debtor in a foreign proceeding. | Chapter 15<br><br>Case No. 25-11376 (\_\_\_) |

## ORDER SCHEDULING HEARING ON CHAPTER 15 PETITIONS AND RELATED RELIEF AND SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE

Upon the motion (the "Motion")[2] of Margot MacInnis and Sandipan Bhowmik, solely in their capacities as the duly authorized joint official liquidators and authorized foreign representatives (the "JOLs" or the "Petitioners") of Charitable DAF Holdco, Ltd. (In Official Liquidation) ("HoldCo" or the "Debtor") for entry of an order (this "Order"): (i) scheduling a hearing (the "Recognition Hearing") on the relief sought in the *Verified Petition for (i) Recognition of the Foreign Main Proceeding, (ii) Recognition of the Foreign Representatives, and (iii) Certain Related Relief* (the "Verified Petition") and the *Chapter 15 Petition for Recognition of a Foreign Proceeding* (together with the Verified Petition, the "Petitions") (ii) setting the deadline by which any responses or objections to the Petitions must be received (the "Objection Deadline"), (iii) approving the form of the notice of this chapter 15 case (the "Chapter 15 Case"), the relief sought in the Petitions, the Objection Deadline, and the Recognition Hearing that is attached as Exhibit 1 to the Order (the "Notice") and (iv) approving the manner of service of the Notice; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United

---

[1] The Debtor is incorporated in the Cayman Islands as an exempted company and registered with registration number 170388. The Debtor's registered office is located at HSM Corporate Services Limited, P.O. Box 31726, 68 Fort Street, George Town, Grand Cayman, KY1-1207, Cayman Islands.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

States District Court for the District of Delaware, dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue of this proceeding being proper before the Court pursuant to 28 U.S.C. § 1410(1) and (3); and the Court having determined that the relief requested in the Motion is necessary and beneficial to the Debtor; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The Recognition Hearing to consider the relief sought in the Petitions shall be held before this Court in Room [●] of the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, Delaware, on [●], 2025 at [●]:[●] [●].m. (Eastern Time).

3. Any party in interest wishing to submit a response, answer, or objection to the Petitions must do so pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and such response, answer, or objection must (i) be in writing, (ii) set forth in detail the factual and legal bases therefor, (iii) be filed with the United States Bankruptcy Court for the District of Delaware, Office of the Clerk of the Court, 824 Market Street, Wilmington, Delaware 19801, and (iv) served upon counsel for the JOLs, Reed Smith LLP, 1201 North Market Street, Suite 1500, Wilmington, DE 19801 (Attention: Jason D. Angelo, Esq.) and Reed Smith LLP, 599 Lexington Avenue, New York, NY 10022 (Attention: Aaron Javian, Esq. and Richard C. Solow, Esq.), so as to be actually received on or before [●], 2025 at [●]:[●] [●].m. (Eastern Time).

4. The form of Notice attached to this Order as **Exhibit 1** is hereby approved.

5. Prior to serving the Notice or causing it to be served, the JOLs may insert any missing dates and other information, correct any typographical errors, conform the provisions

thereof to the provisions of this Order and make such other and further non-material, non-substantive changes as the JOLs deem necessary or appropriate.

6. Pursuant to Bankruptcy Rule 2002(q) and Local Rule 2002-1(b), the JOLs shall serve the Notice and Petitions (collectively, the "Notice Documents") by hand delivery, overnight courier, or domestic or foreign mail, first-class postage prepaid or, for entities with addresses that are not in the United States, by electronic mail two (2) business days after entry of the Notice Order, or as soon thereafter as is reasonably practicable, upon the following entities or their counsel, if known: (i) the United States Trustee for the District of Delaware; (ii) the Debtor; (iii) all persons or bodies authorized to administer foreign proceedings of the Debtor, including the Cayman Proceeding; (iv) all entities against whom provisional relief is being sought under section 1519 of the Bankruptcy Code; (v) all known creditors and contract counterparties of the Debtor in the United States; (vi) all parties to litigation pending in the United States to which the Debtor is a party at the time of the filing of the Petitions; (vii) all parties that have filed a notice of appearance in the Chapter 15 Case; (viii) all other parties that have requested notice in these cases pursuant to Bankruptcy Rule 2002; and (ix) any other party identified on the "Notice List" attached as **Exhibit B** to the Motion (collectively, the "Notice Parties").

7. In the event any party files a notice of appearance in the Chapter 15 Case subsequent to the JOLs' initial service of the Notice Documents as provided for in this Order, the JOLs will serve, or cause to be served on such party, the Notice Documents and any subsequent notices upon that party within three (3) business days of the filing of the notice of appearance, if such documents have not already been served on such party (or its counsel).

8. Subsequent notices shall be served in the form and manner set forth in this Order or as otherwise required by the Bankruptcy Code and Bankruptcy Rules.

9. The notice requirements set forth in section 1514(c) of the Bankruptcy Code are inapplicable in the context of the Chapter 15 Case or, to the extent applicable, are hereby waived.

10. Service of the Notice Documents in accordance with this Order is hereby approved as adequate and sufficient notice and service on all interested parties. Notice provided in accordance with this Order satisfies the requirements of the Bankruptcy Code, Bankruptcy Rules, and Local Rules, including Bankruptcy Rules 2002(p) and (q) and Local Rule 2002-1(b). No other or further notice is required.

11. Notwithstanding any provision in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules to the contrary, the JOLs shall file the certificate of service of the Notice Documents in advance of the Recognition Hearing.

12. The JOLs are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

13. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

**<u>Exhibit 1</u>**

Notice

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 15 |
| CHARITABLE DAF HOLDCO, LTD (IN OFFICIAL LIQUIDATION),[1] | Case No. 25-11376 (___) |
| Debtor in a foreign proceeding. | |

## NOTICE OF FILING AND HEARING ON PETITIONS SEEKING RECOGNITION OF FOREIGN PROCEEDING AND RELATED RELIEF PURSUANT TO CHAPTER 15 OF THE UNITED STATES BANKRUPTCY CODE

**PLEASE TAKE NOTICE** that on July 21, 2025, Margot MacInnis and Sandipan Bhowmik, solely in their capacities as the duly authorized joint official liquidators and authorized foreign representatives (the "JOLs" or "Petitioners") of Charitable DAF Holdco, Ltd. (In Official Liquidation) ("HoldCo" or the "Debtor") in the Cayman Island foreign proceeding (the "Cayman Proceeding") commenced under the relevant provisions of the Cayman Islands Companies Act (2025 Revision) (the "Companies Act") as Cause FSD No. 116 of 2025 (JAJ) before the Grand Court of the Cayman Islands (the "Cayman Court"), and that on July 21, 2025 filed the *Verified Petition for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representatives, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Verified Petition")[2] and the *Chapter 15 Petition for Recognition of a Foreign Proceeding* for the Debtor (together with the Verified Petition, the "Petitions") pursuant to chapter 15 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Court").

**PLEASE TAKE FURTHER NOTICE** that the JOLs seek the entry of an order (a) finding that (i) the Debtor is eligible to be a "debtor" under chapter 15 of the Bankruptcy Code, (ii) the Cayman Proceeding is a foreign main proceeding within the meaning of section 1502 of the Bankruptcy Code (iii) the JOLs satisfiy the requirements of a "foreign representative" under section 101(24) of the Bankruptcy Code, and (iv) the Petitions were properly filed and meets the requirements of section 1515 of the Bankruptcy Code; (b) granting recognition of the Cayman Proceeding as a "foreign main proceeding" under sections 1517 and 1520 of the Bankruptcy Code; (c) granting all relief afforded to foreign main proceedings under section 1520 of the Bankruptcy Code; (d) recognizing, granting comity to, and giving full force and effect within the territorial jurisdiction of the United States to the Cayman Proceeding, the Supervision Order, the Injunctive Relief Order, and other orders of the Cayman Court; (e) granting additional relief under sections 1521 and 1507 of the Bankruptcy Code; and (f) granting related relief.

---

[1] The Debtor is incorporated in the Cayman Islands as an exempted company and registered with registration number 170388. The Debtor's registered office is located at HSM Corporate Services Limited, P.O. Box 31726, 68 Fort Street, George Town, Grand Cayman, KY1-1207, Cayman Islands.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Verified Petition.

**PLEASE TAKE FURTHER NOTICE** that the Court has scheduled a hearing (the "Recognition Hearing") to consider the relief requested in the Petitions for [●]:[●] [●].m. (Eastern Time) on [●], 2025 in Room [●] of the of the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, Delaware.

**PLEASE TAKE FURTHER NOTICE** that copies of the Petitions and all documents filed in the Chapter 15 Case are available to parties in interest on the Court's Electronic Case Filing System, which can be accessed from (i) the Court's website at http:// www.deb.uscourts.gov (a PACER login and password are required to retrieve a document); (ii) the JOLs' website at https://www.doanegrantthornton.ca/service/advisory/creditor-updates/#Charitable-DAF-Holdco-Ltd; and (iii) upon written request to the Petitioners' counsel (including by facsimile or e-mail) addressed to:

> **REED SMITH LLP**
> Jason D. Angelo, Esq.
> 1201 North Market Street, Suite 1500
> Wilmington, DE 19801
> Telephone: +1.302.778.7500
> Facsimile: +1.302.778.7575
> E-mail: jangelo@reedsmith.com
>
> -and-
>
> **REED SMITH LLP**
> Casey Laffey, Esq.
> Aaron Javian, Esq.
> Ian M. Turetsky, Esq.
> Richard Solow, Esq.
> 599 Lexington Avenue
> New York, NY 100220
> Telephone: +1.212.521.5400
> Facsimile: +1.713.521.5450
> E-mail:  claffey@reedsmith.com
>           ajavian@reedsmith.com
>           ituretsky@reedsmith.com
>           rsolow@reedsmith.com

**PLEASE TAKE FURTHER NOTICE** that any party in interest wishing to submit a response, answer, or objection to the Petitions must do so pursuant to the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, and such response, answer, or objection must (i) be in writing, (ii) set forth in detail the factual and legal bases therefor, (iii) be filed with the United States Bankruptcy Court for the District of Delaware, Office of the Clerk of the Court, 824 Market Street, Wilmington, Delaware 19801, and (iv) served upon counsel for the Petitioners, Reed Smith LLP, 1201 North Market Street, Suite 1500, Wilmington, DE 19801 (Attention: Jason D. Angelo, Esq.) and Reed Smith LLP, 599 Lexington Avenue, New York, NY

10022 (Attention: Casey Laffey, Esq., Aaron Javian, Esq., Ian M. Turetsky, Esq., and Richard C. Solow, Esq.), so as to be actually received on or before [●], 2025 at [●]:[●] [●].m. (Eastern Time)

**PLEASE TAKE FURTHER NOTICE** that all parties in interest opposed to the Petitions must appear at the Recognition Hearing at the time and place set forth above.

**PLEASE TAKE FURTHER NOTICE** that, at the Recognition Hearing, the Court may order the scheduling of a case management conference to consider the efficient administration of the cases.

**PLEASE TAKE FURTHER NOTICE** that if no response or objection is timely filed and served as provided above, the Court may grant the relief requested in the Petitions without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE** that the JOLs do not currently intend to conduct a claims process in the Chapter 15 Case. To the extent there is a claims process established in the Cayman Proceeding, parties are directed to the Cayman Proceeding pending before the Cayman Court.

**PLEASE TAKE FURTHER NOTICE** that the Recognition Hearing may be adjourned from time to time without further notice other than an announcement in open court, or a notice of adjournment filed with the Court, of the adjourned date or dates at the hearing or any other further adjourned hearing.

[*Remainder of page intentionally left blank.*]

| | |
|---|---|
| Dated: _____ \_\_, 2025<br>Wilmington, Delaware | Respectfully submitted,<br><br>**REED SMITH LLP**<br><br>By: _____<br>Jason D. Angelo (No. 6009)<br>1201 North Market Street, Suite 1500<br>Wilmington, DE 19801<br>Telephone: +1.302.778.7500<br>Facsimile: +1.302.778.7575<br>E-mail: jangelo@reedsmith.com<br><br>-and-<br><br>Casey Laffey, Esq. (*pro hac vice* forthcoming)<br>Aaron Javian, Esq. (*pro hac vice* forthcoming)<br>Ian M. Turetsky, Esq. (*pro hac vice* forthcoming)<br>Richard C. Solow, Esq. (*pro hac vice* forthcoming)<br>**REED SMITH LLP**<br>599 Lexington Avenue<br>New York, NY 100220<br>Telephone: +1.212.521.5400<br>Facsimile: +1.713.521.5450<br>E-mail:  claffey@reedsmith.com<br>            ajavian@reedsmith.com<br>            ituretsky@reedsmith.com<br>            rsolow@reedsmith.com<br><br>*Counsel to Margot MacInnis and Sandipan Bhowmik as Joint Official Liquidators of Chapter 15 Debtor* |