# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CHARITABLE DAF HOLDCO, LTD.<br>(In Official Liquidation),[1]<br><br>Debtor in a foreign proceeding. | Chapter 15<br><br>Case No. 25-11376 (BLS)<br><br>Re: D.I. 6 |

## ORDER SCHEDULING A HEARING ON CHAPTER 15 PETITION AND RELATED RELIEF AND SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE

Upon consideration of the *Motion of Petitioners for Entry of an Order Scheduling a Hearing on Chapter 15 Petition for Recognition and Related Relief and Specifying Form and Manner of Service of Notice* [D.I. 6] (the "Motion")[2] filed by counsel for Margot MacInnis and Sandipan Bhowmik, solely in their capacities as the duly authorized joint official liquidators and authorized foreign representatives (the "JOLs" or the "Petitioners") of Charitable DAF Holdco, Ltd. (In Official Liquidation) ("Debtor") for entry of an order (this "Order") under sections 105(a), 1514, and 1515 of the Bankruptcy Code and Bankruptcy Rules 2002 and 9007: (i) scheduling a hearing to consider the recognition of the Cayman Proceeding as a foreign main proceeding under chapter 15 of the Bankruptcy Code (the "Recognition Hearing") and approving the form and manner of service of notice, substantially in the form attached to this Order as Exhibit 1 (the "Recognition Hearing Notice"), all as more fully described in the Motion; (ii) setting the deadline by which any responses or objections to the *Official Form 401 Petition* [D.I. 1] and the *Verified Petition for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign*

---

[1] The Debtor is incorporated in the Cayman Islands as an exempted company and registered with registration number 170388. The Debtor's registered office is located at HSM Corporate Services Limited, P.O. Box 31726, 68 Fort Street, George Town, Grand Cayman, KY1-1207, Cayman Islands.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

*Representatives, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Verified Petition") [D.I. 3] (together, the "Petition") must be received; (iii) approving the form of Recognition Hearing Notice; and (iv) approving the manner of service of the Recognition Hearing Notice; and the Court having found that (a) it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware (Sleet, C.J.), dated as of February 29, 2012, (b) the Motion and the relief requested thereby is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and (c) due and sufficient notice of the Motion has been given and no other notice is necessary; and the Debtor asserting venue of this proceeding being proper before the Court pursuant to 28 U.S.C. § 1410(1) and (3); and it appearing that the relief requested in the Motion is in the best interests of the Debtor and other parties in interest in this Chapter 15 Case; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth in this Order.

2. The Recognition Hearing is scheduled for **August 14, 2025 at 11:00 a.m. (Eastern)**.

3. All responses, answers, or objections to the Petition or the relief sought thereby must (i) be made pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, (ii) be in writing, (iii) set forth in detail the factual and legal bases therefor, (iv) be filed with the Office of the Clerk of the Court, 824 Market Street, Third Floor, Wilmington, Delaware 19801, and (v) be served upon counsel for the Petitioners, Reed Smith LLP, 1201 North Market Street, Suite 1500, Wilmington, DE 19801 (Attn: Jason D. Angelo, Esq.) and Reed Smith LLP, 599 Lexington Avenue, New York, NY 10022 (Attn: Aaron Javian, Esq. and Richard C. Solow, Esq.), so as to be actually received **on or before August 7, 2025 at 4:00 p.m. (Eastern)**.

4. The Recognition Hearing Notice in the form attached to this Order as **Exhibit 1** is approved.

5. Pursuant to Bankruptcy Rule 2002(q) and Local Rule 2002-1(b), the Petitioners will serve, or cause to be served, copies of the Recognition Hearing Notice and the Petition (collectively, the "Notice Documents") via hand delivery, overnight courier, or domestic or foreign mail, first-class postage prepaid, or, for entities with addresses that are not in the United States, by electronic mail, two (2) business days after entry of this Order (or as soon thereafter as is reasonably practicable) upon the following parties and their counsel, if known (collectively, the "Notice Parties"): (i) the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Joseph J. McMahon, Jr.); (ii) the Debtor; (iii) all persons or bodies authorized to administer foreign proceedings of the Debtor, including the Cayman Proceeding; (iv) all entities against whom provisional relief is being sought under section 1519 of the Bankruptcy Code; (v) all known creditors and contract counterparties of the Debtor in the United States; (vi) all parties to litigation pending in the United States to which the Debtor is a party at the time of the filing of the Petition; (vii) all parties that have filed a notice of appearance in the Chapter 15 Case; (viii) all other parties that have requested notice in these cases pursuant to Bankruptcy Rule 2002; (ix) any other party identified on the "Notice List" attached as **Exhibit 2** to this Order; and (x) such other parties as this Court may direct.

6. In the event any party files a notice of appearance in the Chapter 15 Case subsequent to the Petitioners' initial service of the Notice Documents as provided in this Order, the Petitioners will serve, or cause to be served on such party, the Notice Documents and any subsequent notices upon that party within three (3) business days of the filing of such notice of

appearance, provided that such documents have not already been served on such party (or its counsel).

7. Subsequent notices in this Chapter 15 Case shall be served in the form and manner set forth in this Order or as otherwise required by the Bankruptcy Code and Bankruptcy Rules or any order entered in this Chapter 15 Case, unless otherwise directed by the Court.

8. Service of the Notice Documents in accordance with this Order is hereby approved as adequate, due, and sufficient notice and service on all interested parties under the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and no other or further notice is necessary.

9. Prior to serving the Recognition Hearing Notice or causing it to be served, the Petitioners may insert any missing dates and other information, correct any typographical errors, conform the provisions thereof to the provisions of this Order, and make such other and further non-material, non-substantive changes as the Petitioners deem necessary or appropriate.

10. The notice requirements set forth in section 1514(c) of the Bankruptcy Code are inapplicable in the context of this Chapter 15 Case or, to the extent applicable, are hereby waived; *provided that*, if the Petitioners initiate a claims resolution process in this Chapter 15 Case, such waiver shall be null and void.

11. Notwithstanding any provision in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules to the contrary, the Petitioners shall file the certificate of service of the Notice Documents in advance of the Recognition Hearing.

12. The Petitioners are authorized to take all actions necessary to effectuate the relief granted by to this Order.

13. Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

- 5 -

14. This Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

**Dated: July 24th, 2025**
**Wilmington, Delaware**

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**