**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 15 |
| CHARITABLE DAF HOLDCO, LTD. (In Official Liquidation),[1] | Case No. 25-11376 (BLS) |
| Debtor in a foreign proceeding. | **Re: D.I. 18** |

**ORDER APPROVING STIPULATION AND**
**GRANTING PROVISIONAL RELIEF PURSUANT TO**
**SECTIONS 105(A) AND 1519 OF THE BANKRUPTCY CODE**

Upon the certification of counsel (the "Certification") filed by counsel to the JOLs,[2] in their

capacity as the authorized foreign representatives of Charitable DAF HoldCo, Ltd. (the "Debtor"),

the debtor in the above-captioned chapter 15 case (this "Chapter 15 Case"), for entry of an order

(this "Order") approving the *Stipulation and Agreed Order Regarding Provisional Relief Granted*

*Pursuant to Sections 105(a) and 1519 of the Bankruptcy Code* (the "Stipulation") by and among

the JOLs, the Applicable Named Defendants, and the CDM Entities (collectively, the "Parties")

with respect to the *Consent Order* entered by the Cayman Court on July 31, 2025

(the "Cayman Consent Order") approving certain asset preservation protocols set forth in

Schedule A attached thereto (the "Asset Preservation Protocol"); and the Court having found that

(a) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

*Amended Standing Order of Reference* from the United States District Court for the District of

---

[1] The Debtor is incorporated in the Cayman Islands as an exempted company and registered with registration number 263805.  The Debtor's registered office is located at HSM Corporate Services Limited, P.O. Box 31726, 68 Fort Street, George Town, Grand Cayman, KY1-1207, Cayman Islands.

[2] Capitalized terms used but not defined in this Order have the meanings ascribed to them in the *Verified Petition for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* [D.I. 3] (the "Verified Petition"), the Certification, the Cayman Consent Order, or the Asset Preservation Protocol, as the context requires.

Delaware, dated as of February 29, 2012, (b) the consideration of the Certification and the Stipulation is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P), and (c) venue is proper in this district pursuant to 28 U.S.C. § 1410; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1.      The Stipulation, attached hereto as **<u>Exhibit 1</u>**, is **APPROVED**.

2.      The Cayman Consent Order attached to the Stipulation as <u>Exhibit A</u> and the Asset Preservation Protocol set forth in <u>Schedule A</u> thereto are each hereby recognized and given full force and effect on a provisional basis, and all undertakings set forth therein as they relate to the Applicable Named Defendants and the CDM Entities are fully enforceable in the United States.

3.      The Recognition Hearing currently scheduled to commence on August 14, 2025, at 11:00 a.m. is adjourned *sine die* to a date (the "<u>Adjourned Recognition Hearing Date</u>") as soon as practicable following the conclusion of the hearing before the Cayman Court on the Injunction Application.

4.      The deadline for all parties except the United States Trustee to object to recognition of the Cayman Proceeding as a foreign main proceeding shall be the date that is 21 days before the Adjourned Recognition Hearing Date, and the deadline for the United States Trustee to object to recognition of the Cayman Proceeding as a foreign main proceeding shall be the date that is 14 days before the Adjourned Recognition Hearing Date.

5.      The deadline for the JOLs to reply to any such objections shall be the date that is 7 days before the Adjourned Recognition Hearing Date.

6.      Notwithstanding any provision in the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the

District of Delaware, or any applicable law to the contrary: (i) this Order is a Final Order within the meaning of 28 U.S.C. § 158(a) and is effective and enforceable immediately upon its entry, and the Parties hereby waive any provision of applicable law staying or delaying the effect of the Approval Order; (ii) the JOLs shall not be subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (iii) the JOLs are hereby authorized and empowered, and may, in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

7.      The rights of each Applicable Named Defendant and the CDM Entity regarding any relief sought in this Chapter 15 Case, including the relief sought in the Verified Petition and with respect to jurisdiction, other than with respect to matters expressly addressed in paragraph 1 of the Cayman Consent Order, are expressly preserved.

8.      This Order is binding on and shall inure to the benefit of the Debtor, the JOLs, the Applicable Named Defendants, and the CDM Entities.

9.      To the extent there is any inconsistency between the terms of this Order, the Stipulation, and the Cayman Consent Order, the terms of the Cayman Consent Order as they relate to the Applicable Named Defendants and the CDM Entities shall control.

10.     This Court retains exclusive jurisdiction to hear and determine any and all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order, any request for additional relief or any adversary proceeding brought in and through this Chapter 15 Case, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of the Bankruptcy Court.

**Dated: August 5th, 2025**
**Wilmington, Delaware**

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE