# EXHIBIT 7



**Casey D. Laffey**
Direct Phone:  +1 212 549 0389
Email:  claffey@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

July 30, 2025

**Via Email**

Kelli Hinson
Carrington, Coleman, Sloman & Blumenthal, LLP
901 Main Street, Suite 5500
Dallas, Texas 75202
khinson@ccsb.com

> Re:    **Charitable DAF HoldCo, Ltd. (In Official Liquidation)**
> **FSD No. 2025-116 (JAJ)**
> **Reg. No. 263805**

Dear Ms. Hinson:

We represent Sandipan Bhowmik and Margot MacInnis of Grant Thornton Specialist Services (Cayman) Limited in their capacity as joint official liquidators ("**JOLs**") of Charitable DAF HoldCo, Ltd. (In Official Liquidation) ("**Company**"). We write in furtherance of the JOLs' letter to Carrington Coleman dated June 25, 2025, wherein the JOLs "renew[ed] their request that Carrington Coleman **immediately** provide them with the Company's files," and in response to your July 9, 2025 letter to the JOLs declining that request.

In its July 9, 2025 letter, Carrington Coleman demanded that the JOLs adequately demonstrate their authority to demand and obtain the Company's records. But the JOLs already have provided the necessary proof. Indeed, Carrington Coleman does not dispute that the Company exists under the laws of the Cayman Islands, and that the Grand Court of the Cayman Islands has ordered that the JOLs stand in the shoes of the Company. Carrington Coleman lacks standing and authority to question the propriety of that order (the "**Liquidation Order**"), especially given that the order is final and unchallenged.

Carrington Coleman argues that Chapter 15 recognition is a precondition of the firm's obligation to produce the requested records. That is wrong for at least two reasons:

***First***, as stated in *Rsrv. Int'l Liquidity Fund, Ltd. v. Caxton Int'l Ltd.*, No. 09 CIV. 9021 (PGG), 2010 WL 1779282, at *5 (S.D.N.Y. Apr. 29, 2010), the case cited in Carrington Coleman's July 9, 2025 letter, Chapter 15 recognition is a gatekeeper to U.S. *judicial* intervention on grounds of comity. "[R]ecognition is required before a foreign representative may avail themselves ***of the federal courts***." *Id.* at *14 (emphasis added). Carrington Coleman is not a federal court, and the firm is not authorized to dispense judicial remedies.

***Second***, judicial intervention is not required to trigger Carrington Coleman's duty to produce the requested records. Rather, as you are aware, Carrington Coleman and its attorneys are subject to the Texas Disciplinary Rules of Professional Conduct, pursuant to which "the documents, papers and other

Kelli Hinson
July 30, 2025
Page 2



information received from a client or received or generated in the course of representing the client (including the lawyer's notes and work product) ***are the property of the client and must be transferred to a former client on request***." Tex. Comm. On Professional Ethics, Op. 657 (2016) (emphasis added). That duty inures immediately and by default to all Carrington Coleman's former clients—whether foreign or domestic—including the Company.

Thus, neither the Company nor the JOLs must, as you suggest, obtain U.S. judicial approval, intervention, or compulsion to obtain the Company's own records pursuant to the Texas Disciplinary Rules of Professional Conduct. Rather, Carrington Coleman must produce the records or justify its failure to do so.

Regardless, on July 21, 2025, the Company filed a Verified Petition for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representatives, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code (the "Verified Petition"). *In re: Charitable DAF HoldCo, Ltd. (In official Liquidation)*, Case No. 25-11376 (D. Del.). In it, the JOLs formally petitioned the United States Bankruptcy Court for the District of Delaware court to recognize the Cayman liquidation as a foreign main proceeding under chapter 15 of the Bankruptcy Code.  If necessary, the JOLs are prepared to use powers afforded by the Bankruptcy Court to compel Carrington Coleman to return to the Company its own records.  For all the reasons stated herein, including pursuant to the JOLs powers under the undisputed Liquidation Order and as required pursuant to the Texas Disciplinary Rules of Professional Conduct, however,  it should not have to come to that.

Accordingly, the JOLs demand, for the final time, that Carrington Coleman immediately produce the Company's requested records. Carrington Coleman's failure to comply will result in legal action, including a request for sanctions for Carrington Coleman's noncooperation.


 Very truly yours,


/s/ Casey D. Laffey