# EXHIBIT 19

# ReedSmith

**Driving progress
through partnership**

**Casey D. Laffey**
Direct Phone:  +1 212 549 0389
Email:  claffey@reedsmith.com

Commercial in Confidence

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

August 13, 2025

**Via Email (dmancino@seyfarth.com)**

Douglas Mancino, Esq.
Seyfarth Shaw LLP
2029 Century Park East
Suite 3500
Los Angeles, California 90067-3021

> **Re:    Charitable DAF HoldCo, Ltd (In Official Liquidation)**
> **FSD Cause No: 2025-116 (JAJ)**
> **Reg. No: 263805**

Dear Douglas:

We represent Sandipan Bhowmik and Margot MacInnis of Grant Thornton Specialist Services (Cayman) Limited in their capacity as joint official liquidators ("**JOLs**") of Charitable DAF HoldCo, Ltd. (In Official Liquidation) ("**Company**"). We write in furtherance of the JOLs' letter to Seyfarth Shaw LLP ("**Seyfarth**"), dated May 6, 2025, and the subsequent emails and calls between the parties.

As you know, in accordance with the Cayman Islands Companies Act (As Revised) and the powers conferred on the JOLs pursuant to the order entered by the Grand Court of the Cayman Islands on May 6, 2025 (the "**Appointment Order**"), the JOLs act in the name and on behalf of the Company. As such, with effect from the date of their appointment, the JOLs are empowered to exercise their fiduciary duties to preserve the value of the Company's assets—including by taking control of such assets through legal proceedings or other appropriate means in the JOLs' discretion—and to do all other things incidental to the exercise of the JOLs' powers to act for and on behalf of the Company. And, in furtherance of their fiduciary duties, and with effect from the date of their appointment, the JOLs have assumed control of the Company pursuant to the powers granted in the Appointment Order, and the powers of the Company's directors are suspended unless expressly authorized by the JOLs.

In the JOLs' May 6, 2025 letter, the JOLs requested that Seyfarth provide them with the complete file relating to its engagement by the Company, including:

1.  A copy of your engagement letter with the Company;

2.  All invoices from engagement to present;

3.  Details of any outstanding debts owed by the Company to Seyfarth;

4.  Statement of account and evidence of the associated remittance;

ABU DHABI ♦ ASTANA ♦ ATHENS ♦ ATLANTA ♦ AUSTIN ♦ BEIJING ♦ BRUSSELS ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DENVER ♦ DUBAI ♦ FRANKFURT
HONG KONG ♦ HOUSTON ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH ♦ NEW YORK ♦ ORANGE COUNTY ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH
PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

Douglas Mancino, Esq.
August 12, 2025
Page 2



5.  Historical statements of trust account(s) held on behalf of the Company;

6.  Summary of any books and records held on behalf of the Company;

7.  The details of any retainer or funds held on behalf of the Company;

8.  Details of any Company bank accounts that you are aware of;

9.  A summary of the matters that you were engaged to assist the Company with; and

10. The AML and KYC files Seyfarth has on the Company and the Company Directors.

On May 12, 2025, you spoke with the JOLs and confirmed that you would prepare a banker's box of physical books and records that were responsive to the foregoing requests and mail them to Reed Smith LLP, the JOLs' counsel in the United States, by May 16, 2025.

To date, however, Seyfarth has not produced any of the promised documents or any documents in its possession.

Accordingly, the JOLs reiterate their request that Seyfarth **immediately** provide them with the Company's files. Should Seyfarth decline to cooperate, the JOLs will be compelled to pursue all appropriate legal remedies to obtain the requested documents, including seeking legal fees and costs if necessary.

To that end, be advised that on July 21, 2025, the Company filed a Verified Petition for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representatives, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code. *In re: Charitable DAF HoldCo, Ltd. (In Official Liquidation)*, Case No. 25-11376 (D. Del.). In it, the JOLs formally petitioned the United States Bankruptcy Court for the District of Delaware to recognize the Cayman liquidation as a foreign main proceeding under chapter 15 of the Bankruptcy Code.

Nothing in this letter should be construed as a waiver of the JOLs' rights, remedies, or arguments, all of which are expressly preserved.

Very truly yours,

Casey D. Laffey