# EXHIBIT 23

# HUNTON

HUNTON ANDREWS KURTH LLP
600 TRAVIS, SUITE 4200
HOUSTON, TEXAS 77002-2929

TEL   713 · 220 · 4200
FAX   713 · 220 · 4285

SCOTT LOCHER
DIRECT DIAL  713 · 220 · 4416
EMAIL  slocher@hunton.com

August 20, 2025

*VIA EMAIL:* *CLAFFEY@REEDSMITH.COM*
Casey D. Laffey
Reed Smith LLP
599 Lexington Ave.
New York, NY  10022-7650

      Re:     Letter Request to Hunton Andrews Kurth LLP regarding Charitable DAF HoldCo
              Ltd. ("Holdco")

Dear Mr. Laffey:

I am an Assistant General Counsel of Hunton Andrews Kurth LLP ("Hunton"), and I write as a follow-up to my email to you of August 8, 2025, to respond to your August 6, 2025 letter addressed to Alexander G. McGeoch, a Hunton partner.

As your letter advises, your firm has filed a petition under Chapter 15 of the Bankruptcy Code ("Chapter 15") for recognition of the JOLs[1] as Holdco's foreign representatives pursuant to the Cayman Court's May 6, 2025 Appointment Order. It is my understanding that Chapter 15, which largely adopted the UNCITRAL Model Law on Cross-Border Insolvency ("Model Law") and replaced 11 U.S.C. § 304, provides legal process through which the JOLs obtain United States court validation of their authority to act on behalf of the foreign entity. *See Reserve Intern. Liquidity Fund, Ltd. v. Caxton Intern. Ltd.*, 2010 WL 1779282, at **5-6 (S.D.N.Y. Apr. 29, 2010); *Orchard Enterps. NY, Inc. v. Megabop Records, Ltd.*, 2011 WL 832881, at *2 (S.D.N.Y. Mar. 4, 2011). Congress stated that the purpose of Chapter 15 adopting the Model Law included providing "greater legal certainty for trade and investment" and "fair and efficient administration of cross-border insolvencies that protects interests of all creditors, and other interested parties, including the debtor," 11 U.S.C. § 501(a)(2-3), and that Chapter 15 applies where "assistance is sought in the United States by . . . a foreign representative in connection with a foreign proceeding." *Id.* at § 501(b)(1). Other "interested parties" the Chapter 15 process protects should include law firms facing requests from foreign liquidators for the foreign debtor's legal files. The Chapter 15 process gives assurance to U.S. firms in carrying out their legal and ethical obligations to former clients, including in preserving the confidentiality of and privileges attaching to information in its legal files, that the foreign liquidation proceeding and the appointed liquidators are in fact legitimate and valid in the eyes of U.S. law. Once the Chapter 15 recognition is finally granted, unless Hunton

---

[1] Unless otherwise defined in this letter, this letter will use the defined terms in your August 6, 2025 letter.

ATLANTA  AUSTIN  BANGKOK  BEIJING  BOSTON  BRUSSELS  CHARLOTTE  DALLAS  DUBAI  HOUSTON
LONDON  LOS ANGELES  MIAMI  NEW YORK  RICHMOND  SAN FRANCISCO  TOKYO  TYSONS  WASHINGTON DC
www.Hunton.com

Page **2** of **2**

were to learn or be directed to the contrary, I recognize the U.S. court authorities which hold that the foreign appointed liquidators validated in a Chapter 15 proceeding are the parties with the rights to assert the in-liquidation foreign entity's privileges and, thus also, the rights to receive such entity's legal file held by its former U.S. firm. *See In re China Medical Techns., Inc.*, 539 B.R. 643, 658 (S.D.N.Y. 2015); *In re Gold & Appel Transfer S.A.*, 342 B.R. 386, 388 (Bankr. D.D.C. 2006) (holding under repealed section 304 ancillary proceeding).

For these reasons, Hunton believes that its and its former client's interests are best served and protected by awaiting the bankruptcy court's final determination of your firm's pending Chapter 15 petition before complying with your request on behalf of the JOLs for Hunton to provide its file on its representation of Holdco to the JOLs. As stated, upon an order granting the petition becoming final, Hunton then will be in position to comply. In the meantime, Hunton will prepare a copy of its file for transfer if and when the recognition order becomes final without need of further court intervention. Should you have authorities which you believe compel U.S. attorneys to turnover their file to liquidators of a foreign company appointed by a foreign court in a foreign proceeding before a filed Chapter 15 recognition petition has been ruled upon, we will consider those authorities further in consideration of your letter request.

In the interim, however, I can answer some of your inquiries in your August 6, 2025 letter. Per Hunton's accounting department, Hunton has not held, and does not hold, trust funds of Holdco, there are no outstanding debts Holdco owes Hunton, and thus we have no document with a statement of a Holdco account that is due, and Hunton holds no retainer funds of Holdco.

Sincerely,

W. Scott Locher