**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 15 |
| CHARITABLE DAF HOLDCO, LTD. (In Official Liquidation),[1] | Case No. 25-11376 (BLS) |
| | **Re: D.I. 21, 22, 23, 25, 27** |
| Debtor in a foreign proceeding. | |

**PETITIONERS': (I) OMNIBUS REPLY IN SUPPORT OF MOTION OF PETITIONERS FOR ENTRY OF AN ORDER GRANTING PROVISIONAL RELIEF COMPELLING TURNOVER OF THE DEBTOR'S BOOKS AND RECORDS PURSUANT TO BANKRUPTCY CODE SECTIONS 105(A), 542, 1519 AND 1521; AND (II) OBJECTION TO THE PATRICK ENTITIES' EMERGENCY CROSS MOTION <u>FOR ADJOURNMENT OF MOTION</u>**

Margot MacInnis and Sandipan Bhowmik of Grant Thornton Specialist Services (Cayman) Limited (the "<u>Petitioners</u>"),[2] the duly appointed joint official liquidators (the "<u>JOLs</u>") of Charitable DAF HoldCo, Ltd (In Official Liquidation) ("<u>HoldCo</u>" or the "<u>Debtor</u>"), a Cayman Islands exempted company in official liquidation in the Cayman Islands (the "<u>Cayman Proceeding</u>"),[3] before the Grand Court of the Cayman Islands (the "<u>Cayman Court</u>"), by its undersigned United States counsel, Reed Smith LLP, hereby file this omnibus reply and objection (this "<u>Omnibus Reply</u>")[4] to: (1) *Hunton Andrews Kurth LLP's Response and Limited Objection to Motion of*

---

[1] The Debtor is incorporated in the Cayman Islands as an exempted company and registered with registration number 263805. The Debtor's registered office is located at HSM Corporate Services Limited, P.O. Box 31726, 68 Fort Street, George Town, Grand Cayman, KY1-1207, Cayman Islands.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Motion of Petitioners for Entry of Order Granting Provisional Relief Compelling Turnover of the Debtor's Books and Records Pursuant to Bankruptcy Code Sections 105(A), 542, 1519 And 1521* [D.I. 21] (the "<u>Motion</u>") or the *Verified Petition for (i) Recognition of the Foreign Main Proceeding, (ii) Recognition of the Foreign Representatives, and (iii) Certain Related Relief* [D.I. 2] (the "<u>Verified Petition</u>"), as applicable.

[3] Entitled *In the matter of section 131 of the Companies Act (2025 Revision) and in the matter of Charitable DAF HoldCo Ltd*. FSD 116 of 2025 (JAJ).

[4] In further support of this Omnibus Reply, the Petitioners are concurrently filing the *Further Supplemental Declaration of Margot MacInnis in Support of Motion of Petitioners for Entry of an Order Granting Provisional*

*Petitioners for Entry of Order Granting Provisional Relief Compelling Turnover of the Debtor's Books and Records Pursuant to Bankruptcy Code Sections 105(A), 542, 1519 and 1521* [D.I. 25] (the "Hunton Limited Objection"); and (2) *CDM Parties' (A) Emergency Cross Motion for Adjournment of Motion of Petitioners for Entry of Order Granting Provisional Relief Compelling Turnover of the Debtor's Books and Records Pursuant to Bankruptcy Code Sections 105(A), 542, 1519 and 1521 and (B) Limited Objection and Reservation of Rights with Respect Thereto* [D.I. 27] (the "Cross-Motion and Limited Objection"), filed by various entities associated with Mark Patrick (the "Patrick Entities").[5]

## PRELIMINARY STATEMENT

1.      The Patrick Entities—who are not, themselves, Turnover Targets—use the Cross-Motion and Limited Objection to confuse and distract from the simple and limited relief that Petitioners seek—which is the turnover of HoldCo's books and records—by wading into their view of the merits of the Cayman Litigation.  The Cayman Litigation is not before this Court and its merits are irrelevant to the requested relief.f[6]  All that the Patrick Entities' characterization of the complexity of the 20-year history that they allege is necessary to contextualize the dispute that is the subject of the Cayman Litigation does is amplify the urgency with which the Petitioners

---

*Relief Compelling Turnover of the Debtor's Books and Records Pursuant to Bankruptcy Code Sections 105(a), 542,, 1519 and 1521* (the "Further Supplemental MacInnis Decl.").

[5] The Patrick Entities' emergency motion to adjourn the hearing on the Motion shall be referred to as the "Cross-Motion".

[6] The Cross Motion and Limited Objection is replete with statements regarding the Cayman Proceeding and the history of dispute between the purported parties that are irrelevant, misleading or both. *See, e.g.*, Cross-Motion and Limited Objection, at ¶¶ 6 -20. The Petitioners will not waste this Court's time by exhaustively responding to each of these allegations but reserves the right to do so.  For now, the Petitioners' merely note that the Patrick Entities' characterization of the Petitioners, who are each licensed insolvency practitioners employed by Grant Thornton Special Services (Cayman) Limited, as "Dondero Affiliates" [*see* Cross-Motion and Limited Objection, at ¶ 1] is demonstrably false.

must be afforded access to the books and records that the Turnover Targets are withholding so that they may progress their investigation.

2.      The Patrick Entities do not meaningfully contest any of the objective facts relevant to the provisional relief requested by the Petitioners because they cannot.  It is uncontroverted that: (1) the Cayman Proceeding is a foreign proceeding pending in HoldCo's jurisdiction of incorporation; (2) the Cayman Court appointed the Petitioners to serve as HoldCo's joint official liquidators, expressly authorizing them to seek chapter 15 recognition of the Cayman Proceeding; and (3) the JOLs have been actively and diligently discharging their statutory duties as joint official liquidators since their appointment.  Indeed, the Patrick Entities themselves concede that Mark Patrick and Paul Murphy commenced voluntary liquidation proceedings with respect to HoldCo in the Cayman Islands on or around April 2, 2025, before consenting to the entry of the Supervision Order commencing HoldCo's official liquidation under the supervision of the Cayman Court and appointing the Petitioners as joint official liquidators on May 6, 2025.  Cross-Motion and Limited Objection, at ¶¶ 2 and 13.

3.      Instead, the Patrick Entities ask the Court to adjourn the hearing on the Petitioners' Motion on the grounds, remarkably, that the Motion "violates the spirit" of the Stipulation.  It does not.  The language of the Stipulation literally states that the JOLs may seek provisional relief in furtherance of their ongoing investigation into the business and affairs of HoldCo, which they are duty-bound to pursue under Cayman law.  This is not a case of the Petitioners hiding the ball.  Like any request for provisional relief, granting the Motion does not preclude or otherwise prejudice the Patrick Entities from objecting to recognition whenever the Adjourned Recognition Hearing Date (as defined in the Stipulation) is scheduled.

4.      Next, the Patrick Entities attempt to use DFW's application to remove the JOLs (the "Removal Application") as a basis to defer this Court's consideration of the Motion given the supposed cloud on the JOLs' appointment that DFW has self-servingly sought to create. Unsurprisingly, the Patrick Entities cite no precedent to support the proposition that a chapter 15 case should be halted pending the outcome of a motion filed by a defendant to replace court-appointed fiduciaries charged with liquidating the plaintiff's estate, because there is none. The Cayman Court is well-equipped to decide the Removal Application, if it goes forward, at the appropriate time. In the meantime, the JOLs remain expressly authorized by the Cayman Court to discharge their duties as HoldCo's joint official liquidators to, among other things, recover HoldCo's books and records consistent with their mandate (and the mandate of any insolvency practitioner appointed to act as official liquidator) under Cayman law.[7]

5.      The Patrick Entities' conclusory protestations aside, confirming, on a provisional basis, the JOLs' authority to obtain the Debtor's books and records from the Turnover Targets is urgently needed to enable the JOLs to discharge their statutory duties under Cayman law, and, in so doing, protect HoldCo's assets and the interests of its creditors. The limited availability of the Named Defendants' many advisors has resulted in significant delays in scheduling the inter-parties hearing on the Injunction Summons (the "Injunction Summons Hearing"), which could cause the Adjourned Recognition Hearing Date to occur three (3) months or more later than the JOLs had expected, has made the Provisional Relief all the more critical.

6.      Accordingly, this Court should see the Patrick Entities' Cross-Motion and Limited Objection for what it is: a desperate measure by litigation targets to avoid or, at least, defer scrutiny

---

[7] Pursuant to Order 26, Rule 3 (1) of the Companies Winding Up Rules (As Amended), it is the JOLs' duty to take possession of, or assume control over, all of the HoldCo's books and records, including those maintained in electronic format.

of their actions by independent, court-appointed fiduciaries and deny the Cross-Motion and overrule their Limited Objection.

7.        Hunton Andrews Kurth LLP ("Hunton"), the only Turnover Target to respond to the Motion, takes no position on the merits of the relief sought by the JOLs, but takes issue with timing and procedures regarding the turnover of their apparently voluminous files going back to 2011.

8.        Concurrently with filing this Omnibus Reply, the Petitioners are filing a revised Proposed Order (the "Revised Proposed Order") to address both the logistical concerns raised by Hunton and the concerns raised by the Patrick Entities regarding the alleged overbreadth of the Provisional Relief.

## OBJECTION TO CROSS-MOTION

9.        The Cross-Motion to continue the hearing on the Motion to an uncertain date should be denied because the Provisional Relief: (1) is exactly the type of relief contemplated by the Stipulation, which recognizes the Cayman Consent Order; and (2) is not premature and must be urgently provided.

### A.        Provisional Relief is Entirely Consistent with the Stipulation

10.        Throughout their Cross-Motion and Limited Objection, the Patrick Entities argue that the Motion runs afoul of the "spirit" of the Stipulation, by alleging, among other things, that the Petitioners are expediting resolution of recognition issues.   Cross-Motion and Limited Objection, at ¶¶ 4, 23 and 26-27.   Despite the Patrick Entities' assertions to the contrary, the Provisional Relief is not only consistent with the Stipulation but seeks relief that was specifically contemplated by the Cayman Consent Order, which has been recognized by this Court.   The Asset Preservation Protocol (as defined in the Stipulation), specifically provides that "the JOLs reserve their right to seek provisional relief against parties as they deem necessary or appropriate in

furtherance of their duties as joint official liquidators, including in furtherance of their ongoing investigation of the business and affairs of the Company from the date hereof through the Adjourned Recognition Hearing Date." Stipulation, at pp. 20. The Motion—which requests turnover of documents key to the JOLs' investigations—is exactly what was envisioned in the Asset Preservation Protocol. This is a plain reading of the Stipulation, not a "technical argument," as asserted by the Patrick Entities. Cross-Motion and Limited Objection, at ¶ 27.[8]

11.     Moreover, requesting the Provisional Relief is not intended to front run recognition issues to the Patrick Entities' detriment. To grant provisional relief, the Court must find, among other things, that there is a likelihood of recognition, that the Debtor will be irreparably harmed absent provisional relief, and that the relief is in the public interest—all of which the Petitioners have demonstrated in the Motion, this Omnibus Reply, and the Verified Petition. Motion, at ¶¶ 38-48; Omnibus Reply, at ¶¶ 1-20; Verified Petition, at ¶¶ 115-151, 162-167 and 189; Further Supplemental MacInnis Decl., at ¶¶ 2-4. Granting the Provisional Relief does not preclude or otherwise prejudice the Patrick Entities from objecting to recognition in this Chapter 15 Case. Regardless, the Revised Proposed Order clarifies that the Patrick Entities' rights are reserved with respect to all Recognition Hearing issues by limiting any finding as to the likelihood of success on the merits of recognition applicable solely for the purposes of granting the Provisional Relief. *See* Revised Proposed Order at ¶ E.

12.     Finally, the Petitioners are surprised that the Patrick Entities take issue with the Motion when the Stipulation and Cayman Consent Order specifically facilitates the provision of certain information by the Patrick Entities to the Petitioners. See Stipulation, at pp. 18-19. The

---

[8] Technically, the Patrick Entities' argument that the Stipulation affords them the right to "propound[] discovery" is not stated anywhere in the Stipulation or Cayman Consent Order. *See* Cross-Motion and Limited Objection, at ¶ 3.

Turnover Targets were not party to the Stipulation.  And, they have affirmatively resisted or otherwise failed to turnover the Debtor's books and records even after the Patrick Entities and the Petitioners were able to agree to the terms of the Stipulation.  While the Petitioners determined that the terms of the Stipulation were sufficient, on a temporary basis, to postpone the Injunction Summons Hearing, the Stipulation does not provide, and was never intended to provide, that the Petitioners' investigation into the business and affairs of the Debtor and its efforts to obtain the Debtor's books and records, wherever they may be located, would cease.

13.     For all these reasons, despite the Patrick Entities' statements to the contrary, granting the Provisional Relief is entirely consistent with both the letter and the spirit of the Stipulation.

**B.     Provisional Relief is Urgently Needed to Protect the Assets of the Estate and their Creditors**

14.     Expressly preserving the right to seek provisional relief in this Chapter 15 Case was critical to the JOLs in agreeing to the Stipulation because, while the parties expected the Injunction Summons Hearing and, in turn, the Adjourned Recognition Hearing Date to be scheduled in late September or early October based on the Cayman Court's availability, the hearing date had not been determined.  Further Supplemental MacInnis Decl., at ¶ 2.  Accordingly, it was and remains critical for the JOLs to maintain flexibility to progress the Chapter 15 Case during the gap period. When they agreed to adjourn the Recognition Hearing, originally scheduled for August 14, 2025, the JOLs never expected that, as of September 8, 2025, the Adjourned Recognition Hearing Date would still not be known. *Id.*, at ¶ 3.[9] The JOLs now understand that the Injunction Summons

---

[9]  While the Patrick Entities are capably represented by one firm in this Chapter 15 Case, in the Cayman Proceeding, the Patrick Entities have engaged no less than two firms.  DFW is represented by Baker & Partners.  Mr. Patrick, in his personal capacity, and CDM, CDH and CLO HoldCo are represented by Campbells.  Mr. Murphy, as director, is represented by Kobre & Kim (and Kobre & Kim still act for Mr. Patrick in the Cayman Proceeding). It has proved challenging to coordinate schedules among these many advisors with respect to the Injunction Summons.  On the other

Hearing may not be scheduled until mid-December, approximately three (3) months after September 18, 2025, which the parties identified as the earliest date to return to the Cayman Court. *Id.*

15. The urgent need for the Provisional Relief arises from this delay. Deferring the turnover of HoldCo's books and records by the Turnover Targets to the JOLs impedes the JOLs' ability to conduct their investigation to the detriment of the Debtor's estate and all of its stakeholders.

16. Delay needlessly interferes in the JOLs' ability to take steps in the liquidation and increases the expense of liquidation, which drains and jeopardizes HoldCo's assets and harms its creditors. Further Supplemental MacInnis Decl., at ¶ 4. The Provisional Relief is urgently needed both to protect HoldCo's assets and the interests of its creditors. *Id.*

**C.     The Patrick Entities' Attempt to use the Removal Application to Defer Consideration of the Motion is Baseless and Absurd**

17. Predictably, the Patrick Entities seek to bootstrap the Removal Application to cast doubt on the JOLs' authority to obtain the Provisional Relief. They cite no case law to support this theory because there is none. They completely ignore the instructive approach that Judge Mark adopted in the *In re Sam Industrias S.A.* case, in which, under far more extreme facts, Judge Mark permitted the discovery requests propounded by the foreign representative to proceed, even though the foreign representative had, *sua sponte*, been ordered to be removed by the foreign bankruptcy court supervising the foreign proceeding, where the foreign bankruptcy court's order was stayed pending appeal. *See* Sam Industrias Transcript. The same approach, which is for the

---

hand, we understand that DFW, which is the sole party bringing the Removal Application, has sought the Cayman Court's availability for a two-day hearing after September 25, 2025 (excluding October 13-20, 2025) although a hearing date for the Removal Application has not yet been fixed.

Court to defer operative orders from a foreign court then in effect, rather than speculate regarding what may occur in a foreign proceeding in the future, applies equally here with respect to the Supervision Order.   *Id*., at Tr. 11:20-12:20; *see* Supervision Order.[10]

18.     Just as it would be absurd in a plenary case under the Bankruptcy Code for a U.S. bankruptcy court to stay a chapter 11 trustee from progressing its bankruptcy case simply because a litigation defendant moved for the appointment of a replacement trustee, the Patrick Entities' position is equally absurd here. *See In re Sillerman*, 605 B.R. 631 (Bankr. S.D.N.Y. 2019) (while the creditors' committee's motion to appoint a chapter 11 trustee was pending, the bankruptcy case continued and the debtor in possession prosecuted matters); *In re Breland*, No. 16-2272-JCO (Bankr. S.D. Ala. Oct. 25, 2017) (the bankruptcy court rejected the debtor's request to prohibit the chapter 11 trustee from acting during the pendency of its appeal of the bankruptcy court's order appointing a chapter 11 trustee, noting "timely and efficient administration of the estate – regardless of the pending appeal – " serves the public interest.).

19.     For all these reasons, the Cross-Motion should be denied and the hearing on the Motion should not be continued.

## **REPLY TO LIMITED OBJECTIONS**

20.     Both Hunton and the Patrick Entities filed limited objections to the Motion, in which the Patrick Entities, in particular attempted to frame the Provisional Relief as so overbroad that non-HoldCo files are in danger of being transferred to the JOLs if the Proposed Order is entered.   Hunton Limited Objection, at ¶¶ 1-5; Cross-Motion and Limited Objection, at ¶ 37 and

---

[10] Moreover, while the merits of the Removal Application are irrelevant to the Motion and will be assessed by the Cayman Court in due course, the Removal Application is so factually flawed and legally meritless that the JOLs' Cayman counsel has put DFW's Cayman counsel on notice that if the Removal Application is not withdrawn, the JOLs will seek costs from Mr. Patrick, personally, and not from assets of the DAF Structure, when it fails. *See* <u>Exhibit 1</u>, the September 5, 2025 Letter.

¶¶ 39-40. Of course, that was not the Petitioners' intention, and it is incumbent on the Turnover Targets, not the Petitioners, to ensure that only the Debtor's client files are turned over. Regardless, the Patrick Entities note that they "are willing to engage in discussions with the JOLs regarding a production protocol for the Debtor's documents." Cross-Motion and Limited Objection, at ¶ 40. To the extent Hunton and the Patrick Entities take issue with the Proposed Order, the Revised Proposed Order resolves most of those concerns. To the extent it does not, Hunton's and the Patrick Entities' limited objections should be overruled.

21.     Any suggestion that the Patrick Entities and Hunton are not sufficiently protected or that the Provisional Relief might extend beyond the Debtor's documents can be—and, the Petitioners' believe, have been—resolved by implementation of negotiated protocols in the Revised Proposed Order. The Petitioners have provided safeguards in the Revised Proposed Order to ensure that the Debtor's documents, and not documents that are subject to a claim of privilege, including, but not limited, to attorney-client privilege, work product protection, or any other applicable privilege or protection recognized by law, will be turned over to the Petitioners. Specifically, the Revised Proposed Order establishes a detailed protocol whereby all Turnover Targets—including Hunton—may identify, on a privilege log, any otherwise responsive documents that have been withheld because they are subject to assertions of privilege, while also offering the Petitioners a mechanism to challenge any such assertions.

22.     Therefore, any concern from the Patrick Entities and Hunton that non-Debtor documents might be produced have been resolved through the Revised Proposed Order. Moreover, the Revised Proposed Order extends the deadline for the Turnover Targets to turn over documents, thus satisfying Hunton's concerns regarding the timeframe to turn over the Debtor's files. However, to the extent that the Patrick Entities and Hunton remain concerned about

the potential turnover of non-Debtor files or timing to comply with the Revised Proposed Order, the Petitioners are more than happy to engage in discussions to resolve their issues.[11]

## CONCLUSION

**WHEREFORE**, the Petitioners respectfully request that the Court: (i) deny the Patrick Entities' Cross-Motion, (ii) enter the Revised Proposed Order, and (iii) grant the Petitioners such other relief as is appropriate.

---

[11] In fact, the Petitioners have always been willing to engage in discussions regarding the Proposed Order and suggested that counsel to the Patrick Entities propose a resolution to the Motion prior to them filing the Patrick Entities' Cross-Motion and Limited Objection.

Dated: September 8, 2025
       Wilmington, Delaware

Respectfully submitted,

**REED SMITH LLP**

By:    */s/ Jason D. Angelo*
        Jason D. Angelo (No. 6009)
        1201 North Market Street, Suite 1500
        Wilmington, DE 19801
        Telephone: +1.302.778.7500
        Facsimile:  +1.302.778.7575
        E-mail:  jangelo@reedsmith.com

        -and-
        Casey Laffey, Esq. (admitted *pro hac vice*)
        Aaron Javian, Esq. (admitted *pro hac vice*)
        Ian M. Turetsky, Esq. (admitted *pro hac vice*)
        Richard C. Solow, Esq. (admitted *pro hac vice*)
        **REED SMITH LLP**
        599 Lexington Avenue
        New York, NY 100220
        Telephone: +1.212.521.5400
        Facsimile:  +1.212.521.5450
        E-mail:  claffey@reedsmith.com
                ajavian@reedsmith.com
                ituretsky@reedsmith.com
                rsolow@reedsmith.com

        *Counsel to Margot MacInnis and Sandipan*
        *Bhowmik, as Joint Official Liquidators of*
        *Chapter 15 Debtor*