**EXHIBIT B**

<u>Blackline of Revised Proposed Order</u>

(Attached)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 15 |
| CHARITABLE DAF HOLDCO, LTD. (In Official Liquidation),[1] | Case No. 25-11376 (BLS) |
| Debtor in a foreign proceeding. | |
| | **Re:  D.I. ___** |

**ORDER GRANTING MOTION FOR PROVISIONAL RELIEF COMPELLING TURNOVER OF THE DEBTOR'S BOOKS AND RECORDS PURSUANT TO BANKRUPTCY CODE SECTIONS 105(A), 542, 1519 AND 1521**

Upon consideration of the *Motion of Petitioners for Provisional Relief Compelling Turnover of the Debtor's Books and Records Pursuant to Bankruptcy Code Sections 105(a), 542, 1519, and 1521* (the "Motion")[2] filed by Margot MacInnis and Sandipan Bhowmik of Grant Thornton Specialist Services (Cayman) Limited (the "Petitioners"), the duly appointed joint official liquidators (the "JOLs") of Charitable DAF HoldCo, Ltd (In Official Liquidation), a Cayman Islands exempted company in official liquidation in the Cayman Islands (the "Cayman Proceeding"),[3] before the Grand Court of the Cayman Islands (the "Cayman Court") ("HoldCo" or the "Debtor"), and the Debtor in the above-captioned chapter 15 proceeding, for entry of an order (this "Order") granting the Provisional Relief as more fully described in the Motion; and due notice having been provided given the circumstances and all objections and responses having been withdrawn,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

---

[1]  The Debtor is incorporated in the Cayman Islands as an exempted company and registered with registration number 263805.  The Debtor's registered office is located at HSM Corporate Services Limited, P.O. Box 31726, 68 Fort Street, George Town, Grand Cayman, KY1-1207, Cayman Islands.

[2]  Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

[3]  Entitled *In the matter of section 131 of the Companies Act (2025 Revision) and in the matter of Charitable DAF HoldCo Ltd.* FSD 116 of 2025 (JAJ).

A.      This Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334, sections 109 and 1501 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

B.      Consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b)(P).

C.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1410(1) and 1410(3).

D.      This Court has the authority to grant the Provisional Relief requested by the Motion under 11 U.S.C. §§ 105(a), 542, 1519 and 1521.

E.      ~~There~~Solely for the purposes of the Provisional Relief, there is a substantial likelihood that the Petitioners will successfully demonstrate that the Cayman Proceeding constitutes a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code and the other prerequisites to recognition of the foreign proceeding will be established. Accordingly, the Petitioners have shown a substantial likelihood of success that recognition will be granted.

F.      The requested Provisional Relief is necessary to effectuate the purpose of chapter 15 and to protect the assets of the Debtor and the interest of creditors and other parties-in-interest as contemplated by sections 1521 and 1507 of the Bankruptcy Code.

G.      Without the requested Provisional Relief, the Petitioners would be unable to seek turnover of the Debtor's own books and records for the purpose of uncovering the facts and circumstances surrounding the Relevant Transactions and the ~~Renumeration~~Remuneration Transactions until after the Adjourned Recognition Hearing Date.

H.      The Provisional Relief is necessary to avert irreparable harm resulting from: (i) any further delay in their investigation in accordance with their duties as officers of the Cayman Court and (ii) burdening the Debtor's estate with unnecessary costs to the detriment of all of its stakeholders.  There is accordingly a material risk of irreparable harm if the Provisional Relief set forth in this Order is not granted.

I.      The Provisional Relief will not prejudice any other parties, and the balance of hardships favors the granting of such relief.

J.      The Provisional Relief is in the public interest because: (1) the Supervision Order provides for the JOLs' ability to investigate HoldCo's affairs, which should be respected and enforced in the United States; and (2) granting the Provisional Relief will facilitate the Debtor's efforts to pursue and complete a successful liquidation for the benefit of the Debtor's stakeholders by providing for efficient discovery tools.

K.      All creditors and other parties-in-interest, including the Debtor, are sufficiently protected by the grant of the relief ordered hereby in compliance with section 1522(a) of the Bankruptcy Code.

**BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION, AND SUFFICIENT CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED:**

1.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

2.      The Motion is GRANTED as set forth herein.

3.      In accordance with sections 105(a), 542(e), 1519(a)(3), 1521(a)(4), and 1521(a)(7) of the Bankruptcy Code, within ~~seven~~fourteen (~~7~~14) days of the entry of this Order, the Turnover Targets shall disclose and turn over to the Petitioners all books and records in their possession belonging to, or otherwise arising in connection with their engagement by, HoldCo (the "Responsive Documents").

4.      Each Turnover Target shall produce a log in an electronic, searchable format (such as Excel or CSV) (the "Privilege Log") that identifies all Responsive Documents withheld from turnover, in whole or in part, on the basis of a third party  asserting a claim of privilege, including but not limited to attorney-client privilege, work product protection, or any other applicable privilege or protection recognized by law.

5.      The Privilege Log shall include, at a minimum, the following information for each Responsive Document withheld:

a.      The Bates number or other unique identifier of the Responsive Document;

b.      The date the Responsive Document was created or sent;

c.      The name(s) of the author(s) or originator(s) of the Responsive Document;

d.      The name(s) of all recipients of the Responsive Document, including those copied or blind copied;

e.      A description of the type of Responsive Document (e.g., email, memorandum, letter, report);

f.      A brief description of the subject matter or general topic of the Responsive Document sufficient to allow the Petitioners to assess the basis for the Turnover Target's withholding of the Responsive Document;

g.      The specific privilege or protection asserted by the Turnover Target with respect to the Responsive Document; and

h.      A brief statement of the basis for the privilege or protection claimed by the Turnover Target.

6.      Each Turnover Target shall provide its Privilege Log to the Petitioners contemporaneously with its turnover of the Responsive Documents or at such other time as agreed by the parties or ordered by the Court..

7.      To the extent the Petitioners dispute the withholding of any Responsive Document by a Turnover Target the following procedure shall apply:

      a.      The Petitioners shall provide written notice to the applicable Turnover Target identifying, by Bates number or unique identifier, each entry on the privilege log for which the privilege or protection is disputed. The notice shall briefly state the basis for the challenge.

      b.      Within seven (7) days of receiving the written notice of challenge, or within such other time as agreed by the parties, counsel for the parties shall meet and confer in good faith to attempt to resolve the dispute without court intervention. During the meet and confer process, the applicable Turnover Target shall provide any additional information necessary to substantiate the privilege claim, to the extent such information can be disclosed without waiving any privilege.

      c.      If the parties are unable to resolve the dispute through the meet and confer process, the Petitioners may file a motion to compel production of the withheld Responsive Document(s). The motion shall identify the specific Privilege Log entries at issue and set forth the basis for the challenge. The Turnover Target shall bear the burden of establishing the applicability of the privilege or protection.

      d.      Upon request of either party or at the Court's discretion, the Court may conduct an in camera review of the disputed Responsive Document(s) to determine whether the privilege or protection applies.

      e.      The act of challenging a privilege assertion, providing additional information, or submitting documents for in camera review shall not be deemed a waiver by the applicable Turnover Target of any privilege or protection.

8.      4. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary: (i) this Order shall be effective immediately and enforceable upon entry; (ii) the Petitioners are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (iii) the Petitioners are authorized and empowered, and may, in

their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

9. 5. The Petitioners and their successors, representatives, advisors, and counsel shall be entitled to the protections contained in sections 306 and 1510 of the Bankruptcy Code.

10. 6. This Court retains jurisdiction over any and all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order, any request for additional relief or any adversary proceeding brought in and through the Chapter 15 Case, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.