# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CHARITABLE DAF HOLDCO, LTD (IN OFFICIAL LIQUIDATION),[1]<br><br>Debtor in a foreign proceeding. | Chapter 15<br><br>Case No. 25-11376 (BLS) |

**ORDER GRANTING RECOGNITION OF FOREIGN**
**MAIN PROCEEDING AND DISCRETIONARY RELIEF**

Margot MacInnis and Sandipan Bhowmik of Grant Thornton Specialist Services (Cayman) Limited (the "Petitioners"), the duly appointed joint official liquidators of Charitable DAF HoldCo, Ltd ("HoldCo" or the "Debtor"), a Cayman Islands exempted company in official liquidation in the Cayman Islands (the "Cayman Proceeding"), which was brought under the supervision of the Grand Court of the Cayman Islands Financial Services Division (the "Cayman Court") by an order dated May 6, 2025 (Cause No. FSD 116 of 2025) (JAJ) (the "Supervision Order"), by its undersigned United States counsel, Reed Smith LLP ("Reed Smith") having filed in their capacity as the authorized foreign representatives of HoldCo the Official Form Petition, the *Verified Petition for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (D.I. 3) (the "Verified Petition") and the accompanying Moran Decl. and MacInnis Decl., seeking relief pursuant to chapter 15 of the Bankruptcy Code; and upon due consideration of (a) the Verified Petition, Moran Decl., MacInnis Decl., together with all exhibits thereto, in support of the Verified Petition, (b) the *CDM Parties' Objection to the Verified Petition for (I) Recognition of Foreign*

---

[1] The Debtor is incorporated in the Cayman Islands as an exempted company and registered with registration number 263805. The Debtor's registered office is located at HSM Corporate Services Limited, P.O. Box 31726, 68 Fort Street, George Town, Grand Cayman, KY1-1207, Cayman Islands.

*Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (D.I. 46) (the "Objection") and the accompanying Declaration of Mark Patrick (D.I. 47) and Declaration of Paul Murphy (D.I. 48), together with all exhibits thereto, in support of the Objection (D(the "Objection Declarations"), and (c) the *Petitioners' Reply in Support of Verified Petition for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (D.I. ●) (the "Reply")[2] and the accompanying Second Moran Decl. and Second MacInnis Decl., filed concurrently therewith, together with all exhibits thereto, in support of the Reply; and a hearing having been held on August 27, 2026 (the "Hearing") to consider the Verified Petition, at which the Moran Decl., Second Moran Decl., MacInnis Decl., Second MacInnis Decl. and the Objection Declarations were received into evidence; and appropriate and timely notice of the filing of the Verified Petition and the Hearing thereon having been given by the Petitioners pursuant to section 1514 of the Bankruptcy Code; and such notice having been adequate and sufficient for all purposes; and no other or further notice being necessary or required; and all interested parties having had an opportunity to be heard at the Hearing; and after due deliberation and sufficient cause appearing therefore, the Court finds:[3] (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(a), 11 U.S.C. §§ 109 and 1501 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; (ii) venue is properly located in this district pursuant to 28 U.S.C. §§ 1410(1)

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Verified Petition or Reply, as context requires.

[3] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

and 1410(3); (iii) the Verified Petition was properly filed and served; (iv) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); (v) the Debtor is subject to foreign main proceedings within the meaning of section 1502(4) and 1517(b)(1) of the Bankruptcy Code; (vi) the Petitioners are "persons" and the "foreign representatives" of the Debtor within the meaning of section 101(24) of the Bankruptcy Code; (vii) the Debtor's chapter 15 case was properly commenced pursuant to sections 1504, 1509 and 1515 of the Bankruptcy Code; (viii) the Debtor has its center of main interests in the Cayman Islands; (ix) the Verified Petition satisfies the requirements of section 1515 of the Bankruptcy Code and Rule 1007(a)(4) of the Bankruptcy Rules; (x) the Petitioners have demonstrated that the relief requested is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted pursuant to sections 105(a), 362, 542, 1507(a), 1509(b)(2)-(3), 1520, 1521 and 1522 of the Bankruptcy Code and Rule 2004 of the Bankruptcy Rules and will not cause hardship to creditors of the Debtor or other parties-in-interest that is not outweighed by the benefit of granting that relief; (xi) the interest of the public will be served by this Court's granting of the relief requested by the Petitioners; (xii) all of the relief contained in this Order is within the Court's jurisdiction, is essential to the success of the Cayman Proceeding, confers material benefits on, and is in the best interests of, the Debtor, its creditors, interest holders and other parties-in-interest, and critical and integral to the overall objectives of the liquidation and, with respect to injunctive relief, meets the legal and factual requirements for issuing an injunction; and (xiii) all creditors, interest holders and other parties-in-interest, including the Debtor, are sufficiently protected by the grant of relief ordered hereby in accordance with section 1522(a) of the Bankruptcy Code.

IT IS HEREBY ORDERED THAT:

1. The Verified Petition is granted and any objections thereto are overruled with prejudice.

2. The Debtor's Cayman Proceeding is granted recognition as a foreign main proceeding pursuant to sections 1517(a) and 1517(b)(1) of the Bankruptcy Code.

3. All relief afforded to a foreign main proceeding automatically upon recognition pursuant to section 1520 of the Bankruptcy Code is granted including, without limitation, the application of the protection afforded by the automatic stay under section 362(a) of the Bankruptcy Code to the Debtor and its property that is now within or in the future is located within the territorial jurisdiction of the United States.

4. The Petitioners are granted recognition as "foreign representatives" pursuant to section 101(24) of the Bankruptcy Code in respect of the Cayman Proceeding.

5. Pursuant to sections 1521(a)(1), (2) and (3) of the Bankruptcy Code, all persons and entities, other than the Petitioners and their representatives and agents, are hereby enjoined (to the extent they have not been stayed under section 1520(a)), in each case from:

a. executing against the assets of the Debtor;

b. commencing or continuing, including the issuance or employment of process, any judicial, quasi-judicial, administrative, regulatory, arbitral, or other action or proceeding, or to recover a claim, including, without limitation, any and all unpaid judgments, settlements or otherwise against the Debtor;

c. taking or continuing any act to create, perfect or enforce a lien or other security interest, setoff or other claim against the Debtor;

d. transferring, relinquishing or disposing of any property of the Debtor to any person or entity (as that term is defined in section 101(15) of the Bankruptcy Code) other than the Petitioners; and

e. commencing or continuing an individual action or proceeding concerning the assets, rights, obligations or liabilities of the Debtor;

provided, in each case, that such injunctions shall be effective solely within the territorial jurisdiction of the United States.

6. No persons or entities may take any action inconsistent with the Supervision Order, the Interim Appellate Order, any order entered by the Cayman Court in relation to the Applications, and any orders issued in the Cayman Proceeding identified in the Verified Petition or the Reply.

7. Pursuant to section 1521(a)(6) of the Bankruptcy Code, all prior relief granted by this Court pursuant to section 1519(a) of the Bankruptcy Code shall be extended and that certain *Order Granting Motion for Provisional Relief Compelling Turnover of the Debtor's Books and Records Pursuant to Bankruptcy Code Sections 105(A), 542, 1519 And 1521* (D.I. 38) shall remain in full force and effect.

8. No action taken by the Petitioners in preparing, disseminating, applying for, implementing, or otherwise in connection with this Order, any order entered in respect of the Verified Petition, this Chapter 15 Case, any further order for additional relief in this Chapter 15 Case, or any adversary proceedings or contested matters in connection therewith, constitutes a waiver of any immunity afforded to the Petitioners as foreign representatives, including without limitation pursuant to section 1510 of the Bankruptcy Code.

9. In accordance with sections 1521(a)(4) of the Bankruptcy Code, Rule 2004 of the Bankruptcy Rules, and the Federal Rules of Civil Procedure, as incorporated by the Bankruptcy Rules, the Petitioners are authorized to conduct discovery, issue subpoenas, conduct the examination of witnesses, the taking of evidence, or the delivery of information concerning the Debtor's assets, affairs, rights, obligations, or liabilities. Notwithstanding the foregoing, all discovery requests served by the Petitioners pursuant to this paragraph shall remain subject to all objection rights, privileges, and defenses available to the recipients thereof under the applicable Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure, as incorporated

by the Bankruptcy Rules, including but not limited to the right to object to discovery requests on any ground permitted by law and to otherwise seek relief from this Court in accordance with applicable rules and procedures. In the event of any dispute arising between the Petitioners and any recipient of discovery served pursuant to this paragraph, the parties to such dispute shall meet and confer in good faith in an effort to promptly resolve the dispute without Court intervention prior to filing any motion or application seeking relief from this Court with respect thereto.

10. In accordance with sections 542(e), 1521(a)(4), and 1521(a)(7) of the Bankruptcy Code, subject to any applicable privilege, all persons that hold recorded information, including books, documents, records, and papers, relating to the Debtor's property or financial affairs are required to turnover or disclose such recorded information to the Petitioners.

11. Pursuant to section 1521(a)(5) of the Bankruptcy Code, the administration or realization of all or part of the assets of Debtor within the territorial jurisdiction of the United States, to the extent the same may be recovered by the Debtor, are hereby entrusted to the Petitioners and the Petitioners are hereby established as the exclusive representatives of Debtor in the United States.

12. Pursuant to sections 105(a), 1507, and 1521(a)(7) of the Bankruptcy Code, the Interim Appellate Order is hereby recognized, given full force and effect and is fully enforceable within the territorial jurisdiction of the United States.

13. Notwithstanding any provision in the Bankruptcy Rules to the contrary, including, but not limited to, Bankruptcy Rules 7062 and 1018, (A) this Order shall be effective immediately and enforceable upon its entry; (B) the Petitioners are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order; and (C) the Petitioners and the Debtor are authorized and empowered, and may in their discretion and without

further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

14. A copy of this Order shall be served in accordance with *Order Scheduling Hearing on Chapter 15 Petitions and Relating Relief and Specifying Form and Manner of Service of Notice* (D.I. 8). Such service shall be good and sufficient service and adequate notice for all purposes.

15. This Court shall retain jurisdiction with respect to the effect, enforcement, amendment, or modification of this Order, any request for additional relief or any adversary proceeding brought in and through this chapter 15 case, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

16. This Order shall be effective and enforceable immediately upon entry and shall constitute a final order within the meaning of 28 U.S.C. § 158(a).

###END OF ORDER###