# EXHIBIT A

**From:** Joanne Cox <Joanne.Cox@judicial.ky>
**Sent:** 12 June 2026 4:54 PM
**To:** Georgette Bakhit; Karen Hoskins; Alasdair Munro; Gabrielle David; Elisa Leslie; FSD Registry
**Cc:** DAF - B&P; #MaplesCDAF01; Tom Stuart; Nigel Smith; Chandra Solomon
**Subject:** RE: FSD 116 of 2025 (JAJ) - In the Matter of Charitable DAF HoldCo, Ltd (in Official Liquidation) [BAKER-LIVE.FID1000496]

*****This email has originated from outside your organisation*****

Dear Counsel,

As indicated by the Judge at the conclusion of the hearing this morning, the following is to provide the parties with the judge's decision on the application to adjourn the hearing of the removal summons, together with the judge's brief reasons for his decision.

1. The application is to adjourn the hearing of the removal summons fixed for 23-24 June 2026, which was filed on 19 August 2025. The removal summons seeks to remove the joint official liquidators appointed by the Court in May 2025.

2. The joint official liquidators complain that DWF has left this application very late. The adjournment summons was filed on 3 June 2026. There is no complaint by the joint official liquidators about the period from August 2025 up to 31 March 2026, but the joint official liquidators complain that DWF has delayed since 31 March 2026 when the date for the hearing of an appeal to the Court of Appeal in related FSD proceedings was fixed, and since 12 May 2026 when the joint official liquidators rejected DWF's request for an adjournment.

3. The primary basis for DWF's application is that the appeal in the related FSD proceedings is due to be heard by the Court of Appeal on 3-4 September 2026. DWF argues that the outcome of that appeal is relevant to the determination of the removal summons and that the court should therefore wait until the decision of the Court of Appeal is received before hearing the removal summons. Mr Scott KC submits that:

   a) the appeal goes to the merits of the FSD proceedings;

   b) there will be practical problems if I hear the removal application and remove the joint official liquidators in June 2026 in that the incoming replacements will not have time to get up to speed and to be ready for the hearing of the appeal, or to decide to abandon it, and that the appeal is therefore likely to have to be adjourned, inconveniencing the parties and the Court of Appeal; and

   c) depending on the outcome of the appeal, this court may need to revisit the issues on the removal summons if it hears the summons on 23 June 2026 as planned, wasting court time and costs.

4. DWF prays in aid that the joint official liquidators' own position in February 2026 was that the appeal should be determined before the removal summons.

5. Against this, the joint official liquidators complain that DWF is making serious allegations affecting their reputations and that the removal summons should be heard and determined promptly. The joint official liquidators say that their position in February 2026 was based on resourcing considerations and their desire to ensure that preparation for the appeal took precedence for that reason, and that since the hearing date for the appeal was fixed for September 2026, the resourcing considerations have fallen away.

6. It is common ground that the question for the court is whether there is a good reason for an adjournment in order to do justice.

7. I accept the submission of Mr Curl KC that the appropriate focus at the hearing of the removal summons will be on the proper conduct of the liquidation, and whether it is necessary or appropriate to remove the joint official liquidators for the benefit of the liquidation, not to serve any private interests of the various persons with an interest in the outcome of the liquidation.

8. I consider that the court, the parties and the joint official liquidators all have an interest in determining the question of the joint official liquidators' removal asap. In my view, it is unsatisfactory that the removal summons was issued as long ago as August 2025 and has still not been determined.

9. I am not persuaded that the imminent hearing of the appeal in the FSD proceedings provides a good reason for an adjournment:

   a) I am sceptical that the outcome of the appeal in the FSD proceedings will have any relevance to the question of the removal of the joint official liquidators for cause. I agree with Mr Curl that the fact that the joint official liquidators have largely failed in the FSD proceedings is not where the focus should lie. If the joint official liquidators pursued the FSD proceedings on a *bona fide* basis and supported by advice from counsel, that is likely to provide a complete answer to any criticisms of them in that regard. My view is that DWF should be able to make any points that it wishes to advance about the hopeless nature of the FSD proceedings, in order to attack the joint official liquidators' approach to the conduct of the liquidation, based on the underlying constitutional documents of the partnership and on legal arguments as to whether there was or was not a reasonably arguable case to be advanced. To some extent, the findings of Parker J in the FSD proceedings may provide a useful shortcut, but I do not see their wider relevance.

   b) Further, on the logic of Mr Scott's argument, if the joint official liquidators' appeal were to succeed, then that should make the removal summons less likely to succeed rather than more likely, and if it were to fail, then it is unlikely materially to enhance DWF's position.

   c) The appeal does not affect any of the other complaints that DWF may advance to justify removal of the joint official liquidators.

   d) The potential practical impact on the appeal if the joint official liquidators were to be removed in June or July 2026 is a significant factor. But in my judgment, it does not justify an adjournment in light of the countervailing considerations in favour of bringing the removal summons to a conclusion.

10. Those countervailing factors are:

   a) The summons was issued as long ago as 19 August 2025.

   b) Serious allegations are made against the joint official liquidators:

      i) if borne out, then the joint official liquidators should not be permitted to continue in office, and the sooner they are removed the better for the proper conduct of the liquidation; and

      ii) if not borne out, then the joint official liquidators' names should be cleared as soon as possible;

   c) Any adjournment of the removal summons is likely to be substantially longer than to September 2026. Argument on the appeal is set for 3 September 2026. Given that the Court of Appeal is apparently interested in the *Aquapoint* issue and that the appeal is listed for 2 days, the decision and judgment of the Court of Appeal is likely to take some time to produce, which I would estimate as being at least 3-4 months and quite possibly significantly longer. On that basis, the hearing of the removal summons would be unlikely to be heard before Spring 2027, nearly 18 months after it was filed, and quite possibly even later.

   d) The overriding objective is in favour of progressing cases with expedition and so that the normal advancement of cases is facilitated rather than delayed. I bear in mind also the aim of dealing with

cases economically, but I am not persuaded that refusing the adjournment and hearing the removal summons in June 2026 is likely adversely to impact that requirement.

11. DWF raises other complaints to justify the requested adjournment:

a) DWF says that the joint official liquidators have taken sides and are not acting impartially, but DWF has always known that that is its complaint, and the ability to advance that complaint is not impacted by any of the matters relied on today to justify adjournment.

b) DWF says that it wants to adduce further evidence to support its summons and now cannot do so. However, I agree with the joint official liquidators that:

i) DWF should have had sufficient evidence in hand when it filed the removal summons and that its desire to obtain more material to support its arguments does not justify an adjournment; and

ii) it is not clear what steps DWF has taken to prepare any further evidence on which it seeks to rely, and there is no evidence from DWF to explain why it has not and it could not do so in the time since 31 March 2026 or since 12 May 2026. Mr Scott says that there have been a lot of moving parts and that DWF was addressing two other summonses over that period. However, both of those other summonses were filed by DWF, so it does not really lie in its mouth to say that it was too busy dealing with other summonses that it initiated to be able to devote attention to this third summons. Given that DWF has known since at least 12 May 2026 that its requested adjournment was not agreed by the joint official liquidators, the failure to prepare any additional evidence appears to be self-inflicted. It certainly does not provide a basis to accede to the request for an adjournment.

12. Accordingly, I refuse the requested adjournment.

Kind Regards,

**Joanne Cox | Personal Assistant | Grand Court**
Law Courts I 61 Edward St. I P.O. Box 495 I Grand Cayman, KY1-1106 I Cayman Islands
Main: (345) 949-4296 I Direct: (345) 244-3854
Email: Joanne.Cox@judicial.ky I Website: www.judicial.ky

***"Delivering justice fairly and efficiently"***

DISCLAIMER: This email (including any attachments) is confidential and may be privileged. No confidentiality or privilege is waived or lost by any error in transmission. It is intended solely for the use of the recipient(s) to whom it is addressed. It should not be read, copied, distributed or otherwise used by anyone else. If you have received this email in error, please delete it from your system and notify the sender immediately. Internet communications are not secure, and therefore, the Cayman Islands Law Courts do not accept legal responsibility for the contents of this message. Although the Cayman Islands Law Court operates antivirus programs, it does not accept responsibility for any damage caused by viruses being passed.

**Please consider the environment before printing this e-mail.**