**EXHIBIT 5**

CARRINGTON, COLEMAN, SLOMAN & BLUMENTHAL, LLP SUBPOENA

(Attached)

# UNITED STATES BANKRUPTCY COURT

District of Delaware

In re Charitable DAF HoldCo, Ltd. (In Official Liquidation),
Debtor in a foreign proceeding

Case No. 25-11376 (BLS)

Chapter 15

*(Complete if issued in an adversary proceeding)*

Plaintiff
v.

Defendant

Adv. Proc. No. ________________

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Carrington, Coleman, Sloman & Blumenthal, L.L.P.
901 Main Street, Suite 5500, Dallas, Texas 75202
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
The documents, electronically stored information, and objects described in Exhibit A attached hereto. Production may be made electronically to Jason D. Angelo, Reed Smith LLP, jangelo@reedsmith.com, in lieu of appearance, on or before the date and time set forth below.

| PLACE | DATE AND TIME |
|---|---|
| Reed Smith LLP, 2850 N. Harwood Street, Suite 1500, Dallas, Texas 75201 | November 9, 2026 at 10:00 a.m. (CT) |

(or electronically to jangelo@reedsmith.com)

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 7, 2026

CLERK OF COURT

OR

________________________
*Signature of Clerk or Deputy Clerk*

Jason D. Angelo
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Margot MacInnis and Sandipan Bhowmik, as Joint Official Liquidators and Foreign Representatives of Charitable DAF HoldCo, Ltd. (In Official Liquidation), who issues or requests this subpoena, are:
Jason D. Angelo (Del. No. 6009), Reed Smith LLP, 1201 North Market Street, Suite 1500, Wilmington, DE 19801
jangelo@reedsmith.com; Telephone: (302) 778-7500

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________________________
on *(date)* __________.

☐ I served the subpoena by delivering a copy to the named person as follows: ____________________________________
____________________________________________________________________________________________________
___________________________________on (*date*) ___________________; or

☐ I returned the subpoena unexecuted because: ____________________________________________________________
____________________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ ________________________.

My fees are $ __________for travel and $__________for services, for a total of $__________ .

I declare under penalty of perjury that this information is true and correct.

Date: ________________

________________________________________
*Server's signature*

________________________________________
*Printed name and title*

________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT A**

This Exhibit A sets forth the Documents and Communications to be produced pursuant to the subpoena duces tecum issued to Carrington, Coleman, Sloman & Blumenthal, LLP under Federal Rule of Civil Procedure 45 (as incorporated by Federal Rule of Bankruptcy Procedure 9016), Federal Rule of Bankruptcy Procedure 2004, and Paragraph 9 of the Order Granting Recognition of Foreign Main Proceeding and Discretionary Relief entered on September 1, 2026 (D.I. 74) (the "Recognition Order") in the above-captioned Chapter 15 case.

**I. DEFINITIONS**

1. "Carrington Advice" — the memorandum dated on or about March 25, 2025, authored by David N. Corkern of Carrington, Coleman, Sloman & Blumenthal, LLP, concerning U.S. tax issues relating to the Debtor and its related affiliates, which was appended to the Manager Consent as justification for the Redemption, together with all prior drafts and iterations thereof.

2. "CDM" — CDMCFAD, LLC, a Delaware limited liability company incorporated on December 12, 2024.

3. "Communication" — the transmittal of information, in the form of facts, ideas, inquiries, or otherwise, and any response thereto, and therefore includes, but is not limited to, any telephone conversation, face-to-face meeting or conversation, visit, conference, internal or external discussion, emails, texts, electronic data rooms, file sharing, or other similar forms of electronic communication, or exchange of a document or documents.

4. "Concerning" — relating to, referring to, describing, evidencing, or constituting.

5. "Debtor" — Charitable DAF HoldCo, Ltd. (in Official Liquidation).

6. "Directors" — collectively, Mark Eric Patrick and Paul Murphy, in their capacity as former directors of the Debtor.

7. "Document" — shall have the same full meaning as in Federal Rule of Bankruptcy Procedure 7034 and Federal Rule of Civil Procedure 34 and includes the original, any draft (whether disseminated or not) and any copy, regardless of origin or location, of any correspondence, letter, memorandum, electronic mail (e-mail), text message, messages from messaging platforms (including WhatsApp, Teams, Skype, GoogleChat), statement, summary, outline, contract, agreement, book, pamphlet, periodical, telegram, telecopy, telefax, wire, cable, record, study, report, schedule, diary, desk calendar, organizer, appointment book, photograph, reproduction, map, survey, drawing, chart, model, index, tape, data sheet or data processing card, computerized information, data base or disk (including, without limitation, hard, soft, floppy, or compact), invoice, purchase order, ledger, journal, check (front and back), check stub, note, bond, assignment, transfer, account statement, tax report, tax schedule, financial statement, workpaper, business form, timesheet, log, inventory, print-out, computer tape, and notes of meetings, conferences, conversations or telephone conversations, and any and all other written, printed, telecopied, telefaxed, transcribed, punched, taped, stored, filmed and graphic matter, however produced or reproduced, and specifically includes any preliminary note, outline, or draft of any of the foregoing in Your custody, possession, or control.

8. "DFW" — DFW Charitable Foundation, a Delaware nonprofit non-stock corporation incorporated on December 9, 2024.

9. “Fund” — Charitable DAF Fund, LP, a Cayman Islands exempted limited partnership.

10. “Fund Entities” — collectively, the Debtor, the Fund, CDM, CDH GP, Ltd. (the “New GP”), CLO HoldCo, Ltd., DFW, and each of their respective subsidiaries and affiliates.

11. “Including” — means including but not limited to.

12. “LP/LLC Exchange” — the transfer of the Debtor’s limited partnership interest in the Fund to CDM on or about December 18, 2024.

13. “Manager Consent” — the written consent executed on or about March 27, 2025 by Mark Eric Patrick, as manager of CDM, approving (a) the admission of DFW as a member of CDM pursuant to the Admission and Amendment No. 1 Agreement and (b) the redemption of the Debtor’s membership interest in CDM pursuant to the Redemption and Amendment No. 2 Agreement, together with all recitals, exhibits (including Exhibits A through D), attachments, and drafts thereof.

14. “Participating Shares” — the participating shares in the Debtor, as defined in the Debtor’s articles of association.

15. “Person” — means any individual, partnership, joint venture, corporation, limited liability company, trust, estate, unincorporated association, governmental authority, or any other entity.

16. “Redemption” — the redemption of the Debtor’s membership interest in CDM on or about March 27, 2025, for approximately $1,637,192.

17. “Relevant Period” — the period from January 1, 2024 through the present.

18. “Relevant Transactions” — collectively, the LP/LLC Exchange, the issuance of 318 Participating Shares in the Debtor to DFW on or about February 7, 2025 (the “DFW Share Issuance”), and the Redemption.

19. “SecureDocs Data Room” — the electronic data room maintained on the SecureDocs platform in connection with the Relevant Transactions, including all documents uploaded to, stored in, accessed through, or removed from such data room.

20. “Supporting Organizations” — Highland Dallas Foundation, Inc., Highland Kansas City Foundation, Inc., Highland Santa Barbara Foundation, Inc., and the Community Foundation of North Texas.

21. “You” or “Your” — Carrington, Coleman, Sloman & Blumenthal, LLP, and includes its officers, directors, employees, partners, principals, of counsel, associates, agents, representatives, contractors, attorneys, accountants, consultants, and all other persons acting on its behalf or under its direction, and any predecessor, successor, parent, subsidiary, affiliate, division, or department thereof, including but not limited to David N. Corkern, Brian P. Shaw, Kelli M. Hinson, Monica W. Latin, and any other attorney or personnel who participated in or had knowledge of any engagement or matter concerning the Debtor, the Fund, CDM, CLO HoldCo, Ltd., or any Fund Entity.

## II. INSTRUCTIONS

22. Unless otherwise indicated, these requests cover the Relevant Period.

23. If there are no Documents responsive to any particular Document request, the response shall state so in writing.

24. These requests shall be deemed continuing requests so as to require supplemental responses if You obtain or discover additional Documents after Your initial production.

25. Electronically stored information ("ESI") shall be produced in its native format or, if native production is not feasible, in a reasonably usable, searchable format such as single-page TIFF images with extracted text and metadata in a standard load file (e.g., Concordance or Relativity). All metadata fields, including but not limited to author, date created, date modified, date sent, date received, sender, recipient(s), cc, bcc, subject, and file path, shall be preserved and produced.

26. The use of the singular form of any word includes the plural and vice versa. The use of any tense of any verb includes all other tenses. The connective "and" shall be construed as both conjunctive and disjunctive, and the connective "or" shall be construed as both disjunctive and conjunctive, so as to bring within the scope of these requests all Documents and Communications that might otherwise be construed to be outside the scope thereof.

27. No request is intended to limit the scope of any other request.

28. If any Document or Communication, or any portion thereof, responsive to these requests is withheld or redacted on the basis of any privilege or protection, You shall expressly make the claim and provide a privilege log, consistent with Federal Rule of Civil Procedure 45(e)(2)(A), identifying for each such Document or Communication its date, author(s), recipient(s), general subject matter, type of Document, number of pages, the privilege or protection claimed, and the factual basis for the claim, and shall produce all non-privileged portions.

29. The foregoing instructions are not intended to limit Your obligations under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure (including Rule 2004), the Recognition Order, or any other applicable rule, regulation, or law.

## III. REQUESTS FOR PRODUCTION

### A. ENGAGEMENT AND SCOPE

1. All engagement letters, retainer agreements, statements of work, fee agreements, conflict checks, and amendments thereto between You and the Debtor, CLO HoldCo, Ltd., CDM, DFW, Mark Eric Patrick, Paul Murphy, Shields Legal Group, or any other Person concerning the engagement of Your services in connection with the Debtor, the Fund, CDM, CLO HoldCo, Ltd., the Relevant Transactions, or any Fund Entity.

2. All Documents and Communications concerning the scope, purpose, objectives, or terms of each engagement or assignment You performed for or on behalf of the Debtor, CLO HoldCo, Ltd., CDM, or any Fund Entity, including all instructions, directions, or guidance received from any Person concerning the work to be performed, and specifically identifying each client You represented or for whom You provided services.

3. All invoices, billing records, fee statements, time entries, statements of account, retainer records, trust account records, and payment records concerning services performed by You for or on behalf of the Debtor, CLO HoldCo, Ltd., CDM, or any Fund Entity during the Relevant Period, including unredacted versions of all invoices.

4. All Documents and Communications concerning any change, expansion, limitation, or amendment to the scope of any engagement, including any request that the tax analysis address additional transactions, entities, or issues beyond the original scope.

**B. THE CARRINGTON ADVICE AND ALL DRAFTS**

5. The Carrington Advice, in all forms, including all drafts (whether disseminated or not), redlines, iterations, revisions, final versions, attachments, exhibits, appendices, and supplements, including but not limited to the document bearing Bates designation CCSB_00402, the March 17, 2025 version (CCSB_00608), the March 25, 2025 version, and any other version or iteration.

6. All Documents and Communications concerning the preparation, review, revision, dissemination, use, or reliance upon the Carrington Advice, including all instructions, factual background materials, source documents, legal research, and reference materials provided to or obtained by You in connection with its preparation.

7. All Documents and Communications between or among You and Shields Legal Group, Brandon Schaller, Bart Higgins, or any other Person concerning the preparation, revision, or review of the Carrington Advice, including the comments dated on or about February 11, 2025 ("Attached are some comments to the memo in clean and redline. Generally, we added some background facts."), and all versions of those comments and attachments.

8. All Documents and Communications transmitting any draft, iteration, redline, or version of the Carrington Advice from You to Shields Legal Group or from Shields Legal Group to You, with each transmitting email produced together with all of its attachments.

9. Exhibits A, B, C, and D to the March 25, 2025 version of the Carrington Advice, including the ValueScope presentation (Exhibit A), the Paul Murphy presentation (Exhibit B), the document constituting Exhibit C, and the brief identified as the "Vexatious Reply Brief" (Exhibit D), together with all Communications transmitting those exhibits to or from You.

10. All Documents and Communications concerning the factual basis for the Carrington Advice, including the "DAF Funding History Narrative" referenced at CCSB_00355, the "Background Facts for CC Tax 2.0" uploaded to SecureDocs on or about December 27, 2024, and any other factual materials supplied to You by Mark Eric Patrick, Shields Legal Group, or any other Person.

11. All Documents and Communications concerning any limitations, qualifications, disclaimers, or caveats in the Carrington Advice, including the statement that David Corkern had "not independently verified the facts" provided to him and the statement that he could not "opine as to how the IRS will treat DAF's supporting organisations."

**C. TAX ADVICE AND ANALYSIS**

12. All Documents and Communications concerning the tax structure, tax treatment, or tax implications of the Debtor, the Fund, CDM, DFW, CLO HoldCo, Ltd., or any Fund Entity, including any analysis of Section 501(c)(3), private inurement, private benefit, self-dealing, excess benefit transactions, IRC Section 4958, IRC Section 7201, or IRC Section 457A.

13. All Documents and Communications concerning the tax consequences of the LP/LLC Exchange, the DFW Share Issuance, the Redemption, the voluntary liquidation of the Debtor, or any distribution of proceeds.

14. All Documents and Communications concerning the March 20, 2025 letter by Douglas Mancino to the IRS concerning James Dondero's alleged influence and control over the Supporting Organizations, including any awareness of, review of, or participation in the preparation of that letter.

15. All Documents and Communications concerning any IRS inquiry, complaint, whistleblower submission, or correspondence involving the Debtor, the Fund, CDM, DFW, the Supporting Organizations, or any Fund Entity.

**D. THE SECUREDOCS DATA ROOM**

16. The complete contents of the SecureDocs Data Room, including all documents uploaded to, stored in, accessed through, downloaded from, or removed from the data room during the Relevant Period.

17. All access logs, audit trails, upload records, download records, modification records, and user-activity records for the SecureDocs Data Room, including the identity of each Person who had access, the dates and times of each access event, and the identity of each document uploaded, downloaded, viewed, modified, or removed.

18. All Documents and Communications concerning the creation, maintenance, administration, access permissions, or termination of the SecureDocs Data Room.

**E. COMMUNICATIONS WITH PARTIES AND ADVISORS**

19. All Documents and Communications between or among You and Mark Eric Patrick concerning the Debtor, the Fund, CDM, CLO HoldCo, Ltd., any Fund Entity, or any tax matter.

20. All Documents and Communications between or among You and Paul Murphy concerning the Debtor, the Fund, CDM, CLO HoldCo, Ltd., any Fund Entity, or any tax matter.

21. All Documents and Communications between or among You and Shields Legal Group, Brandon Schaller, Bart Higgins, Natalie Olvera, or any other Person at Shields Legal concerning the Debtor, the Fund, CDM, CLO HoldCo, Ltd., any Fund Entity, or any tax matter.

22. All Documents and Communications between or among You and Walkers (Cayman) LLP, Seyfarth Shaw LLP, Douglas Mancino, Hunton Andrews Kurth LLP, Richards Layton & Finger, P.A., ValueScope, Inc. and/or ValueScope, LLC, FTI Consulting, Inc., Weaver and Tidwell, LLP, Deloitte, or any other legal counsel, accountant, valuation firm, or advisor concerning the Debtor, the Fund, CDM, CLO HoldCo, Ltd., any Fund Entity, or any tax matter.

23. All Documents and Communications between or among You and James Dondero, NexPoint Advisors, L.P., or any Dondero-affiliated entity concerning the Debtor, the Fund, CDM, or any Fund Entity.

24. All Documents and Communications between or among You and any court, government agency, or regulatory authority concerning the Debtor, the Fund, CDM, or any Fund Entity.

**F. PRIOR PRODUCTION AND PRIVILEGE**

25. All Documents and Communications previously withheld from production to the Joint Official Liquidators pursuant to the September 18, 2025 Order Granting Provisional Relief (D.I. 38) on the basis of privilege, ownership, or any other ground, to the extent not subject to a valid claim of privilege as to this subpoena.

26. All privilege logs, withholding logs, redaction logs, and Documents and Communications concerning any decision to withhold, redact, segregate, or exclude responsive materials on the basis of privilege, protection, confidentiality, ownership, or third-party rights.

27. All Documents and Communications concerning any assertion that responsive Documents or Communications belong to the Fund, CLO HoldCo, Ltd., any Fund Entity, or any other Person, including any instructions from a client or third party concerning ownership or production.

**G. GENERAL**

28. All Documents and Communications concerning any actual or potential conflict of interest, independence concern, or dual-representation issue arising from Your provision of services to or on behalf of the Debtor, CLO HoldCo, Ltd., CDM, or any Fund Entity, including any conflict arising from the billing of services to CLO HoldCo, Ltd. for work concerning the Debtor.

29. All Documents and Communications concerning the retention, preservation, collection, review, production, or destruction of Documents, data, or files relating to the Debtor, the Fund, CDM, CLO HoldCo, Ltd., or any Fund Entity, including any document retention policies, litigation hold notices, or preservation requests received by You.

30. All Documents and Communications not otherwise called for by the foregoing requests that concern the Debtor, the Fund, CDM, CLO HoldCo, Ltd., or any Fund Entity.