# EXHIBIT 6

NEXPOINT ADVISORS, L.P. SUBPOENA

(Attached)

# UNITED STATES BANKRUPTCY COURT

District of Delaware

In re Charitable DAF HoldCo, Ltd. (In Official Liquidation),
Debtor in a foreign proceeding

Case No. 25-11376 (BLS)

*(Complete if issued in an adversary proceeding)*

Chapter 15

Plaintiff
v.

Adv. Proc. No. ________________

Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: NexPoint Advisors, L.P.
c/o The Corporation Trust Company, Registered Agent,
Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
The documents, electronically stored information, and objects described in Exhibit A attached hereto.
Production may be made electronically to Jason D. Angelo, Reed Smith LLP, jangelo@reedsmith.com, in lieu of appearance, on or before the date and time set forth below.

| PLACE | DATE AND TIME |
|---|---|
| Reed Smith LLP, 2850 N. Harwood Street, Suite 1500, Dallas, Texas 75201 (or electronically to jangelo@reedsmith.com) | November 9, 2026 at 10:00 a.m. (CT) |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 7, 2026

CLERK OF COURT

OR

_______________________
*Signature of Clerk or Deputy Clerk*

Jason D. Angelo
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Margot MacInnis and Sandipan Bhowmik, as Joint Official Liquidators and Foreign Representatives of Charitable DAF HoldCo, Ltd. (In Official Liquidation), who issues or requests this subpoena, are:
Jason D. Angelo (Del. No. 6009), Reed Smith LLP, 1201 North Market Street, Suite 1500, Wilmington, DE 19801
jangelo@reedsmith.com; Telephone: (302) 778-7500

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________________________
on *(date)* __________.

☐ I served the subpoena by delivering a copy to the named person as follows: ____________________________________
_____________________________________________________________________________________________
__________________________________on (*date*) ___________________; or

☐ I returned the subpoena unexecuted because: ____________________________________________________________
_____________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ ________________________.

My fees are $ _________for travel and $_________for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

________________________________________
*Server's signature*

________________________________________
*Printed name and title*

________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

This Exhibit A sets forth the Documents and Communications to be produced pursuant to the subpoena duces tecum issued to NexPoint Advisors, L.P. under Federal Rule of Civil Procedure 45 (as incorporated by Federal Rule of Bankruptcy Procedure 9016), Federal Rule of Bankruptcy Procedure 2004, and Paragraph 9 of the Order Granting Recognition of Foreign Main Proceeding and Discretionary Relief entered on September 1, 2026 (D.I. 74) (the "Recognition Order") in the above-captioned Chapter 15 case.

## I. DEFINITIONS

1. "August 2024 Report" — the report or presentation issued by You on or about August 2024 to the Supporting Organizations concerning the Debtor, the Fund, or any Fund Entity, including any report revealing or addressing escalating fees, investment performance, investment holdings, or financial condition.

2. "Communication" — the transmittal of information, in the form of facts, ideas, inquiries, or otherwise, and any response thereto, and therefore includes, but is not limited to, any telephone conversation, face-to-face meeting or conversation, visit, conference, internal or external discussion, emails, texts, electronic data rooms, file sharing, or other similar forms of electronic communication, or exchange of a document or documents.

3. "Concerning" — relating to, referring to, describing, evidencing, or constituting.

4. "Debtor" — Charitable DAF HoldCo, Ltd. (in Official Liquidation).

5. "Directors" — collectively, Mark Eric Patrick and Paul Murphy, in their capacity as former directors of the Debtor.

6. "Document" — shall have the same full meaning as in Federal Rule of Bankruptcy Procedure 7034 and Federal Rule of Civil Procedure 34 and includes the

original, any draft (whether disseminated or not) and any copy, regardless of origin or location, of any correspondence, letter, memorandum, electronic mail (e-mail), text message, messages from messaging platforms (including WhatsApp, Teams, Skype, GoogleChat), statement, summary, outline, contract, agreement, book, pamphlet, periodical, telegram, telecopy, telefax, wire, cable, record, study, report, schedule, diary, desk calendar, organizer, appointment book, photograph, reproduction, map, survey, drawing, chart, model, index, tape, data sheet or data processing card, computerized information, data base or disk (including, without limitation, hard, soft, floppy, or compact), invoice, purchase order, ledger, journal, check (front and back), check stub, note, bond, assignment, transfer, account statement, tax report, tax schedule, financial statement, workpaper, business form, timesheet, log, inventory, print-out, computer tape, and notes of meetings, conferences, conversations or telephone conversations, and any and all other written, printed, telecopied, telefaxed, transcribed, punched, taped, stored, filmed and graphic matter, however produced or reproduced, and specifically includes any preliminary note, outline, or draft of any of the foregoing in Your custody, possession, or control.

7. "Dondero" — James Dondero, individually and in any capacity.

8. "Fund" — Charitable DAF Fund, LP, a Cayman Islands exempted limited partnership.

9. "Fund Entities" — collectively, the Debtor, the Fund, CDMCFAD, LLC ("CDM"), CDH GP, Ltd. (the "New GP"), CLO HoldCo, Ltd., DFW Charitable Foundation ("DFW"), and each of their respective subsidiaries and affiliates.

10. "Including" — means including but not limited to.

11. "NexPoint Entities" — collectively and individually, NexPoint Advisors, L.P., NexPoint Real Estate Finance, Inc., NexPoint Semiconductor Manufacturing, NexPoint BDC, NexPoint Storage Partners, NexPoint Flamingo DST, NexPoint Polo Glen DST, NexPoint Gamma Holdings LLC, and any other entity that uses the "NexPoint" name or is controlled by, affiliated with, or managed by You or Dondero.

12. "Person" — means any individual, partnership, joint venture, corporation, limited liability company, trust, estate, unincorporated association, governmental authority, or any other entity.

13. "Relevant Period" — the period from January 1, 2021 through the present.

14. "Supporting Organizations" — Highland Dallas Foundation, Inc., Highland Kansas City Foundation, Inc., Highland Santa Barbara Foundation, Inc., and the Community Foundation of North Texas.

15. "You" or "Your" — NexPoint Advisors, L.P., and includes its officers, directors, employees, partners, principals, agents, representatives, contractors, attorneys, accountants, consultants, and all other persons acting on its behalf or under its direction, and any predecessor or successor thereof. Documents of any NexPoint Entity that are within Your possession, custody, or control are within the scope of these requests.

## II. INSTRUCTIONS

16. Unless otherwise indicated, these requests cover the Relevant Period.

17. If there are no Documents responsive to any particular Document request, the response shall state so in writing.

18. These requests shall be deemed continuing requests so as to require supplemental responses if You obtain or discover additional Documents after Your initial production.

19. Electronically stored information ("ESI") shall be produced in its native format or, if native production is not feasible, in a reasonably usable, searchable format such as single-page TIFF images with extracted text and metadata in a standard load file (e.g., Concordance or Relativity). All metadata fields, including but not limited to author, date created, date modified, date sent, date received, sender, recipient(s), cc, bcc, subject, and file path, shall be preserved and produced.

20. The use of the singular form of any word includes the plural and vice versa. The use of any tense of any verb includes all other tenses. The connective "and" shall be construed as both conjunctive and disjunctive, and the connective "or" shall be construed as both disjunctive and conjunctive, so as to bring within the scope of these requests all Documents and Communications that might otherwise be construed to be outside the scope thereof.

21. No request is intended to limit the scope of any other request.

22. If any Document or Communication, or any portion thereof, responsive to these requests is withheld or redacted on the basis of any privilege or protection, You shall expressly make the claim and provide a privilege log, consistent with Federal Rule of Civil Procedure 45(e)(2)(A), identifying for each such Document or Communication its date, author(s), recipient(s), general subject matter, type of Document, number of pages, the privilege or protection claimed, and the factual basis for the claim, and shall produce all non-privileged portions.

23. The foregoing instructions are not intended to limit Your obligations under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure (including Rule 2004), the Recognition Order, or any other applicable rule, regulation, or law.

## III. REQUESTS FOR PRODUCTION

### A. THE AUGUST 2024 REPORT

1. The August 2024 Report, in all forms, including all drafts (whether disseminated or not), final versions, attachments, exhibits, appendices, schedules, and supplements.

2. All Documents and Communications concerning the preparation, review, revision, approval, dissemination, or discussion of the August 2024 Report, including all instructions, directions, or guidance received from any Person concerning the report and the identity of every Person who participated in its preparation or review.

3. All financial data, investment data, performance data, fee schedules, fee calculations, and other data underlying or used in connection with the August 2024 Report.

4. All Documents and Communications concerning the escalating fees referenced in or addressed by the August 2024 Report, including the nature of the fees, the entities to which the fees were charged, the amounts of the fees, the dates of any fee increases, and the basis for each increase.

5. All Documents and Communications concerning the transmittal of the August 2024 Report to the Supporting Organizations, including the date of transmittal, the recipients, and any cover letter, email, or other communication accompanying the report.

**B. FUND INVESTMENTS IN NEXPOINT ENTITIES**

6. All Documents sufficient to identify every investment, holding, interest, share, unit, note, loan, or other financial position held by the Debtor, the Fund, CLO HoldCo, Ltd., or any Fund Entity in any NexPoint Entity during the Relevant Period, including the name of the NexPoint Entity, the type and amount of the investment, the date acquired, the acquisition cost, the current or most recent valuation, and any income, distributions, or proceeds received.

7. All subscription agreements, purchase agreements, investment agreements, partnership agreements, limited partnership agreements, side letters, and amendments thereto between any Fund Entity and any NexPoint Entity.

8. All account statements, investment statements, capital account records, distribution records, redemption records, and transaction confirmations for investments held by any Fund Entity in any NexPoint Entity.

9. All Documents and Communications concerning any fee, management fee, advisory fee, performance fee, carried interest, incentive allocation, or other charge assessed by You or any NexPoint Entity against the Debtor, the Fund, CLO HoldCo, Ltd., or any Fund Entity during the Relevant Period, including fee schedules, rate changes, invoices, and payment records.

10. All Documents and Communications concerning the valuation of any investment held by any Fund Entity in any NexPoint Entity, including net asset value calculations, periodic valuations, mark-to-market records, and any valuation disputes or adjustments.

**C. INVESTMENT MANAGEMENT AND ADVISORY SERVICES**

11. All engagement letters, advisory agreements, investment management agreements, sub-advisory agreements, and amendments thereto between You or any NexPoint Entity and the Debtor, the Fund, CLO HoldCo, Ltd., or any Fund Entity.

12. All Documents and Communications concerning the scope, purpose, objectives, or terms of any investment management, advisory, or consulting services performed by You or any NexPoint Entity for or on behalf of the Debtor, the Fund, or any Fund Entity.

13. All invoices, billing records, fee statements, and payment records concerning services performed by You or any NexPoint Entity for or on behalf of the Debtor, the Fund, or any Fund Entity during the Relevant Period.

14. All Documents and Communications concerning the investment strategy, portfolio allocation, asset selection, or investment decisions made by You or any NexPoint Entity for or on behalf of the Debtor, the Fund, or any Fund Entity.

**D. COMMUNICATIONS WITH PARTIES**

15. All Documents and Communications between or among You and Mark Eric Patrick concerning the Debtor, the Fund, any Fund Entity, any NexPoint Entity, or any investment, fee, or financial matter.

16. All Documents and Communications between or among You and Paul Murphy concerning the Debtor, the Fund, any Fund Entity, any NexPoint Entity, or any investment, fee, or financial matter.

17. All Documents and Communications between or among You and Dondero concerning the Debtor, the Fund, any Fund Entity, any NexPoint Entity, or any investment, fee, or financial matter.

18. All Documents and Communications between or among You and the Supporting Organizations concerning the Debtor, the Fund, any Fund Entity, any NexPoint Entity, or any investment, fee, report, or financial matter.

19. All Documents and Communications between or among You and Shawn Raver, Highgate Consulting Group, Inc. d/b/a Skyview Group, or Chris Rice concerning the Debtor, the Fund, any Fund Entity, any NexPoint Entity, or any investment, advisory, or financial matter.

20. All Documents and Communications between or among You and ValueScope, Inc. and/or ValueScope, LLC, FTI Consulting, Inc., Weaver and Tidwell, LLP, SALI Fund Management, LLC, SEI Secured Income Fund, Ltd., or any other investment manager, custodian, administrator, or advisor concerning the Debtor, the Fund, any Fund Entity, or any investment or valuation.

**E. CHRIS RICE AND SKYVIEW-RELATED RECORDS**

21. All Documents and Communications sent, received, created, reviewed, or maintained by Chris Rice concerning the Debtor, the Fund, any Fund Entity, SEI Secured Income Fund, Ltd., Highgate Consulting Group, Inc. d/b/a Skyview Group, or any investment, advisory, or financial matter relating to the Debtor, the Fund, or any Fund Entity.

22. All Documents and Communications concerning the Consulting Agreement between NexPoint Advisors, L.P. and Shawn Raver dated on or about March 1, 2021, including the agreement itself, all amendments, and all Communications concerning the scope, purpose, and terms of Mr. Raver's services.

23. All Documents and Communications concerning the relationship between You or any NexPoint Entity and Highgate Consulting Group, Inc. d/b/a Skyview Group, including any advisory, consulting, employment, or service arrangement and any overlapping personnel.

**F. DONDERO AND CONTROL**

24. All Documents and Communications concerning Dondero's role, authority, influence, control, or involvement in the management, operations, investment decisions, or governance of You or any NexPoint Entity.

25. All Documents and Communications concerning Dondero's relationship to the Debtor, the Fund, any Fund Entity, or the Supporting Organizations, including any Communications concerning Dondero's alleged "dominion and control" over the Supporting Organizations.

26. All Documents and Communications concerning any actual or potential conflict of interest, independence concern, or dual-role issue arising from Dondero's simultaneous involvement with You, the Fund, the Supporting Organizations, and the Highland Capital Management bankruptcy.

**G. GENERAL**

27. All Documents and Communications concerning any other services performed by You or any NexPoint Entity for or on behalf of the Debtor, the Fund, or any Fund Entity during the Relevant Period, other than investment management and advisory services.

28. All Documents and Communications concerning the retention, preservation, collection, review, production, or destruction of Documents, data, or files relating to the Debtor, the Fund, or any Fund Entity, including any document retention policies, litigation hold notices, or preservation requests received by You.

29. All Documents and Communications not otherwise called for by the foregoing requests that concern the Debtor, the Fund, CDM, or any Fund Entity.